**UNITED STATES of America, Appellee,**

v.

**Gregory Herbert SORENSON, Appellant.**

**No. 79–1678.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 7, 1979.

Decided Dec. 12, 1979.

Gregory A. Gaut, Minneapolis, Minn., for appellant.

Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Thorwald H. Anderson, Jr., U. S. Atty., Minneapolis, Minn., and Robert J. Leinweber, Legal Intern, on brief.

Before HEANEY and HENLEY, Circuit Judges, and SCHATZ, District Judge.*

PER CURIAM.

Gregory Herbert Sorenson was convicted in federal district court for violating 18 U.S.C. § 2113(a) (bank robbery) and sentenced to twelve years imprisonment. The defendant brought a motion for a new trial based on two grounds: (1) the trial court's instructions to the jury were erroneous in that they improperly commented on the evidence and incorrectly defined guilt beyond a reasonable doubt by using the word "probability"; and (2) one of the jurors was observed sleeping through portions of the trial. The defendant appeals on these same two grounds.

■■ We refuse to reverse the conviction on either ground because counsel for defendant did not object at the time of trial. Indeed, after the jury had been instructed, the trial court specifically asked counsel if they had "any suggestions, observations, objections or anything of that kind" and defendant's counsel said he saw no problems. Failure to object to jury instructions at the time of trial constitutes a waiver of the objection. *See United States v. Collins*, 552 F.2d 243 (8th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). Similarly, objections based on jury misconduct during the trial cannot be raised for the first time on appeal when counsel did not apprise the trial court of the alleged misconduct at trial. *See United States v. Hester*, 489 F.2d 48 (8th Cir. 1973).

Moreover, we have read the district court's instructions and comments to the jury and are satisfied that, read as a whole, they were not erroneous. Accordingly, we affirm.