Gladys A. WAIBLE, Appellant,

v.

McDONALD'S
CORPORATION, Appellee.

No. 90–2545.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1991.

Decided April 11, 1991.

Motion to Publish Opinion Granted
April 25, 1991.

David L. Campbell, St. Louis, Mo.

Charles E. Rendlen, Hannibal, Mo.

Before McMILLIAN and MAGILL,
Circuit Judges, and WOODS,* District
Judge.

PER CURIAM.

On March 27, 1987, McDonald's Corporation ("McDonald's"), began a promotion called "Play Monopoly at McDonald's." The promotion offered two grand prizes of one million dollars. One of the two grand prizes could be won by acquiring an Instant Winner Grand Prize Game Stamp picturing a Monopoly Chance Card depicting a

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

man pushing a baby carriage and bearing the inscription "Advance Token to Boardwalk." Two rules of the promotion are noteworthy:

3. Redemption of Prizes. You are not a winner until your official game stamp(s) has been verified at either the Redemption Center or a McDonald's restaurant, whichever is applicable, and until you have complied with all the terms of these Official Rules. Restaurant personnel cannot verify or redeem potential winning game stamps for prizes of $25 or above....

    ....

6. Verification. All game materials are subject to verification at a participating McDonald's or the Redemption Center, whichever is applicable. Game materials are null and void and will be rejected if not obtained through authorized, legitimate channels, or if they are from other games, and may be rejected if any part is counterfeited, illegible, mutilated, or tampered with in any way (except the legal signature of the potential winner), or if any game materials contain printing, typographical, mechanical, or other errors. All decisions of McDonald's and Redemption Centers are final, binding and conclusive in all matters. Only official game stamps with the McDonald's and Monopoly logos and the words "Official Game Stamp, March 27—May 22, 1987 (While Supplies Last)" offset printed on the back of game stamps will be accepted for verification.

Gladys A. Waible ("Waible") was an eighty-three year old widow with very poor eyesight. She visited a McDonald's restaurant in Hannibal, Missouri soon after the promotion began. While there, she received a token. After she returned home, she opened the token, compared it to the sample grand prize token, and concluded that she was an instant winner of one million dollars. Waible went to a McDonald's restaurant in Quincy, Illinois and presented the token to the manager. She was apparently told by him that she had won a million dollars. The manager instructed her to complete a redemption form and gave her an envelope to use in submitting the token and form to the Redemption Center. Waible took the form to an H & R Block office for help in submitting the token. Employees of the H & R Block office helped her complete the form, and it was mailed to the Redemption Center.

Approximately one month later, McDonald's notified Waible that the token she had submitted was not a Grand Prize Game Stamp but was from a different Monopoly promotion being conducted by Niemann's, a supermarket in the Quincy area. She consistently maintained that she has never shopped at Niemann's but received the token from the McDonald's restaurant in Hannibal.

On August 22, 1989, Waible sued McDonald's for breach of contract and fraud. By Order dated February 1, 1990, the trial court[1] scheduled a trial date of June 25. On February 2, Waible served McDonald's with interrogatories. On March 19, McDonald's answered some of the interrogatories but asserted objections to the remaining interrogatories. On April 23, Waible filed a motion to compel. The Magistrate determined, and the trial court later agreed, that the motion should be granted in part and denied in part.

On May 9, McDonald's filed a motion for summary judgment on the breach of contract claim. On May 16, Waible orally requested that her response to the motion be delayed until thirty days after a ruling on the motion to compel. The request was immediately denied. Waible filed her response to the motion on May 29. The trial court subsequently granted the motion.

On June 20, Waible requested a continuance of the trial. The request was denied. On the day of trial, Waible asked that her fraud claim be dismissed. The trial court granted the request but imposed sanctions of $550 for jury costs against her attorney.

---

1. The Honorable William H. Hungate, United States District Judge for the Eastern District of Missouri.

Waible appeals. She first maintains that the trial court erred in granting summary judgment on the breach of contract claim. It is her position that genuine issues of material fact remain in dispute, namely, the token she received in the Hannibal restaurant was an offer she accepted and McDonald's was therefore obligated to pay her a million dollars. We disagree and affirm the orders and judgment of the trial court.

Under Missouri law, an offer that prescribes the mode of acceptance limits the manner in which the offer can be accepted. *See Cal Caulfield & Co. v. City of Belton,* 687 S.W.2d 207, 209 (Mo.App.1984). The token received by Waible was an offer for a unilateral contract that could only be accepted by performing all the terms and conditions of the promotion. She did not comply with all the terms and conditions of the promotion because the token she submitted was not an official token. Thus, this offer was not properly accepted.

Waible next maintains that the trial court abused its discretion by: (1) refusing to postpone its ruling on the motion for summary judgment, and (2) denying her objections to the Magistrate's Order granting in part and denying in part the motion to compel. Again, we disagree. We will find an abuse of discretion only when the decision of the trial court is based on " 'an erroneous view of the law or a clearly erroneous assessment of the evidence.' " *See NAACP Special Contribution Fund v. Atkins,* 908 F.2d 336, 339 (8th Cir.1990) [quoting *Cooter & Gell v. Hartmarx Corp.,* — U.S. —, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) ]. It cannot be said that the unanswered interrogatories contained information she needed in order to adequately respond to the motion for summary judgment.

Waible also maintains that the trial court abused its discretion in refusing to grant a continuance. We think not. Although Waible had known of the trial setting for approximately four months, she did not request a continuance until five days before the trial was to begin. She cannot now complain.

Waible's attorney challenges the trial court's imposition of sanctions in the amount of $550. We will not reverse a trial court's imposition of sanctions absent an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp., supra.* Waible's attorney sought the dismissal of the fraud claim on the day of trial. We find no abuse of discretion in imposing sanctions.

Affirmed.