William SELTZER–BEY, Appellant,

v.

Paul DELO; Don Roper; Donna McCondichie; James Reed; Charles Gillam; Daniel Blair; James Amacker, Appellees.

No. 94–1322.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided Oct. 2, 1995.

John Adam, St. Louis, Missouri, argued (Laree Defreece and Mark Zoole, on the brief), for appellant.

C. Lee Clayton, Assistant Attorney General, St. Louis, Missouri, argued, for appellee.

Before BOWMAN and HEANEY, Circuit Judges, and KYLE,* District Judge.

BOWMAN, Circuit Judge.

William Seltzer–Bey, a Missouri inmate, appeals the District Court's grant of summary judgment to the defendant prison officials in his 42 U.S.C. § 1983 action. We affirm in part, reverse in part, and remand for further proceedings.

In his complaint, Seltzer–Bey alleged constitutional violations by corrections officers at Potosi Correctional Center (PCC). In Count I, Seltzer–Bey alleged that Officer Daniel Blair sexually assaulted him in violation of the Fourth and Fourteenth Amendments. He alleged that Blair conducted daily strip searches during which he made sexual comments about Seltzer–Bey's penis and buttocks. He also alleged that on March 20 and April 4, 1991, Blair conducted strip searches during which he rubbed Seltzer–Bey's buttocks with a nightstick and asked him whether it reminded him of something. Seltzer–Bey submitted the affidavit of another inmate, who attested that he witnessed Blair "harass" Seltzer–Bey.

In Count II, Seltzer–Bey alleged that defendants James Reed and Charles Gillam violated the Due Process Clause of the Four-

---

* The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

teenth Amendment by placing him in a strip cell from April 4 to April 6, 1992, as a form of punishment, in violation of Missouri Department of Corrections Regulation IS21–1.2. He alleged that defendants Paul Delo and Don Roper authorized and approved of the actions. In Count III, Seltzer–Bey alleged that defendants Reed, Gillam, Roper, and Delo subjected him to cruel and unusual punishment in violation of the Eighth Amendment by placing him in the strip cell for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him. He attested that he was forced to eat meals after using the toilet without washing his hands.

The District Court granted summary judgment to the prison officials on these three counts,[1] dismissed the complaint, and denied Seltzer–Bey's motion to reconsider. On appeal, Seltzer–Bey argues that the District Court should not have ruled on defendants' summary judgment motion when motions for discovery were still pending and that the District Court erred in granting summary judgment on the merits of Counts I, II, and III.

■ We review *de novo* a district court's grant of summary judgment. *See Maitland v. University of Minnesota,* 43 F.3d 357, 360 (8th Cir.1994). Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

■ The District Court granted summary judgment to the prison officials on both the Fourth Amendment search and seizure and the Fourteenth Amendment equal protection components of Count I. With respect to the search and seizure issue, the court relied on a Ninth Circuit case in which a government-employed doctor drew a blood sample for medical reasons. *United States v. Attson,* 900 F.2d 1427, 1433 (9th Cir.), *cert.*

*denied,* 498 U.S. 961, 111 S.Ct. 393, 112 L.Ed.2d 403 (1990). The court held that when a state-employed doctor takes blood without an administrative or investigative purpose, the doctor's actions do not constitute a "search" or "seizure" within the meaning of the Fourth Amendment. *Attson,* 900 F.2d at 1432–33. Based on *Attson,* the District Court held that Seltzer–Bey failed to state a Fourth Amendment claim because he alleged only that Blair acted to satisfy his personal sex desires without any investigatory or administrative purpose.

We find *Attson* readily distinguishable from the case at hand. The doctor in *Attson* was not purporting to conduct a search, and the question before the Court was whether his non-investigatory conduct nonetheless constituted a search. Seltzer–Bey sufficiently alleged that Blair was purporting to conduct searches, and the state has not directed our attention to any evidence to the contrary. The state argues, however, that because Blair was alleged to have an illegitimate purpose, his conduct did not constitute state action. We hold that prison authorities and officers are state actors in this situation. *See Thomas v. Gunter,* 32 F.3d 1258, 1259 (8th Cir.1994) (holding that prison authorities are clearly state actors). The fact that Blair's true motivation may have been his own personal gratification does not exempt him from liability for actions taken under color of state law.

Moreover, accepting his allegations as true, Seltzer–Bey stated a constitutional claim. *See Hudson v. Palmer,* 468 U.S. 517, 530, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393 (1984) (noting that prisoner retains constitutional remedy for "calculated harassment unrelated to prison needs"); *Watson v. Jones,* 980 F.2d 1165, 1166 (8th Cir.1992) (holding that allegations in verified complaint of sexually harassing pat-down searches created a material factual dispute precluding summary judgment). Thus we will remand the case to the District Court for further proceedings on this component of Count I of Seltzer–Bey's complaint.

---

1. The District Court's disposition of the other counts of the complaint is not at issue in this appeal.

■ With respect to Seltzer–Bey's equal protection claim, the District Court properly concluded that Seltzer–Bey did not state a claim. Seltzer–Bey did not allege any facts to show that he was treated differently from other inmates because he belonged to a protected class. *See Divers v. Department of Corrections,* 921 F.2d 191, 193 (8th Cir.1990) (per curiam) (holding that plaintiff must show he received treatment "invidiously dissimilar to that received by other inmates"). The District Court's grant of summary judgment on the equal protection component of Count I is affirmed.

■ Turning to Count II of Seltzer–Bey's complaint, we note that the Due Process Clause does not give an inmate a liberty interest in remaining in the general population. Seltzer–Bey has not directed our attention to any regulations or statutes that create such a liberty interest. *See Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) (noting that state may create liberty interest for due process protection from "atypical and significant hardship"). The regulation Seltzer–Bey cited, Mo. Dep't of Corrections Reg. IS21–1.2, creates no liberty interest, and our research has not turned up any relevant Missouri statutes or regulations. Therefore the District Court properly granted summary judgment against Seltzer–Bey on Count II.

■ In Count III, Seltzer–Bey raised a challenge to the conditions he encountered in PCC's administrative segregation unit. The District Court held that the prison officials were entitled to qualified immunity. To establish that his conditions of confinement violated the Eighth Amendment, Seltzer–Bey must show that (1) the alleged deprivation is sufficiently serious that it denies " 'the minimal civilized measure of life's necessities,' " and (2) the prison officials were deliberately indifferent to " 'an excessive risk to inmate health or safety.' " *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir.1995) (citing *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)). We have held that the Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding. *See Johnson v. Boreani,* 946 F.2d 67, 71 (8th Cir.1991).

Seltzer–Bey did not come forward with evidence that he suffered any injury or adverse health consequences as a result of his confinement, or that the defendants knew of and disregarded an excessive risk to his health or safety. He did not show that the named defendants had personal knowledge of the conditions of his confinement or knew of any excessive risk to his health or safety. In these circumstances the prison officials are clearly entitled to qualified immunity, and the District Court thus properly granted summary judgment on Count III.

■ Finally, we hold that the District Court acted within its discretion when it decided the defendants' summary judgment motion without compelling the defendants to comply with Seltzer–Bey's discovery requests. Seltzer–Bey did not, by affidavit or otherwise, identify what facts he could have obtained through discovery that would have helped him oppose summary judgment. *See Waible v. McDonald's Corp.,* 935 F.2d 924, 926 (8th Cir.1991) (per curiam) (holding that summary judgment ruling need not be delayed by pending motion to compel discovery if discovery sought would not prevent entry of summary judgment); *see also* Fed. R.Civ.P. 56(f).

For the foregoing reasons, we affirm the summary judgment in favor of the defendant prison officials on Counts I, II, and III, except for that part of Count I that alleges a violation of the Fourth Amendment. On that portion of Count I only, we reverse the summary judgment and remand this case to the District Court for further proceedings.

HEANEY, Circuit Judge, concurring.

I agree with the majority's discussion of Count I of Seltzer–Bey's complaint. I also agree that the prison officials were entitled to qualified immunity on Count III of the complaint and that the district court did not abuse its discretion in not compelling the defendants to comply with Seltzer–Bey's discovery requests.

With respect to Count II, I agree with the majority that Seltzer–Bey has failed to demonstrate the existence of a state-created liberty interest. I believe, however, that on

this issue the case must be limited to the facts presented. In other circumstances, the prison officials' placement of Seltzer–Bey in the strip cell would likely constitute an "atypical and significant hardship on the inmate in relation to ·the ordinary incidents of prison life" and would be a "dramatic departure from the basic conditions" ·of Seltzer–Bey's confinement, thus giving rise to due process protections. *Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 2301, 132 L.Ed.2d 418 (1995).