_____

_____

                                               *

        Appellant,

                                               *
                                               *

Dan Flowers, Head of Arkansas
State Highway & Transportation;
John Bailey, Chief, Arkansas                Appeal from the United States
                                               *
Lipton, Commissioner, Arkansas              Eastern District of Arkansas.
                                               *
Hopper, Commissioner, Arkansas
State Highway Commission; Herby
Branscum, Jr., Commissioner,
Arkansas State Highway
Commission; J. W. Benefield,
Commissioner, Arkansas State
Highway Commission; L.W. Clark,
Commissioner, Arkansas State
Highway Commission,

                                               *
                                               *

               Submitted:  September 6, 1996

                        _____

                        _____

        Den    Coggins appeals from the district court's[1]                    g
summary judgment to A
U.S.C. § 1983 action.  Upon de novo review, we a          See <u>Seltzer-Bey v.</u>
____, 66 F.3d 961, 963 (8th Cir. 1995).

─────────────────────

        1

Coggins was discharged from his position as a highway patrolman for the State of Arkansas in 1993. Coggins claimed that the Arkansas State Highway Department's Operations Manual and various state statutes gave him an expectation of continued employment, and defendants violated the terms of his employment and denied him due process of law by terminating him for alleged misconduct (sexual harassment) without a fair and impartial hearing; his liberty interests were implicated when defendants disseminated stigmatizing information concerning the facts and circumstances of his termination; and defendants denied him compensation pay.

On defendants' motion, the district court granted defendants summary judgment, holding that the undisputed facts showed that Coggins was an at-will employee under Arkansas law and that Coggins had not demonstrated either a property interest or a liberty interest entitling him to due process. Alternatively, the court held that Coggins was provided adequate procedural due process. The district court dismissed without prejudice Coggins's supplemental state law claim for accrued compensation time.

We agree with the district court that Coggins did not rebut defendants' evidence that he was an at-will employee and thus failed to state a breach of contract claim based on his discharge. See Mertyris v. P.A.M. Transp., Inc., 832 S.W.2d 823, 825 (Ark. 1992) (Arkansas follows employment-at-will doctrine with two exceptions: express provision against termination except for cause, or employment agreement containing provision for a definite term). We also reject Coggins's argument that the Operations Manual's list of non-exclusive grounds for termination created an implied contract term. See Gladden v. Arkansas Children's Hosp., 728 S.W.2d 501, 503-05 (Ark. 1987). Furthermore, none of the statutes cited by Coggins support the creation of a contract.

Accordingly, the district court was correct that Coggins did not establish he had a property interest in continued employment entitling him to due process. See Skeets v. Johnson, 816 F.2d 1213, 1214-15 (8th Cir. 1993) (employee terminable at will under Arkansas law has no property interest triggering due process protections).

We also agree with the district court that Coggins did not establish that he had a protected liberty interest. See Board of Regents v. Roth, 408 U.S. 564, 573-74 (1972) (plaintiff must show official publicly made allegedly untrue charges against him in connection with discharge to stigmatize him). Coggins's evidence showed, at most, that a Sheriff Hutton, who is not a defendant, repeated to others that Coggins had been accused of sexual harassment. Coggins offered no evidence to suggest that any of the named defendants could be held accountable for Hutton's remarks. Further, even assuming a protected interest was involved, defendants' unrebutted evidence showed that Coggins received notice of the charges against him and a pre-termination hearing at which he was represented by counsel and could present evidence and witnesses; thus Coggins was afforded all the process he was due. See Winegar v. Des Moines Indep. Community Sch. Dist., 20 F.3d 895, 899 (8th Cir.), cert. denied, 115 S. Ct. 426 (1994) (deprivation of liberty and property interests requires opportunity to be heard at meaningful time and in meaningful manner).

The order is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-