# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2950

_____

| | | |
|---|---|---|
| Daniel William Loehr, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Paul S. Walton, Sgt.; Stephen Spear; | * | District Court for the |
| Timothy Harris; Bernard Schultz; Galen | * | Eastern District of Missouri. |
| P. Cox; Gene Young; Daniel Linza; | * | |
| Bill Karabas; Donald McDonald; | * | |
| Bernard Schultz; City of Kirkwood, | * | |
| Missouri; City of Webster Groves; | * | |
| City of Brentwood, Missouri; City of | * | |
| Rock Hill, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 15, 2000

Filed: March 14, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
    Circuit Judges.

_____

WOLLMAN, Chief Judge.

Daniel William Loehr appeals from the final judgment entered in the district court[1] upon a jury verdict in favor of defendant police officers in this 42 U.S.C. § 1983 action. We affirm.

## I.

In June of 1996, Loehr violated the terms of a fifty-two hour furlough from the honors unit of a Missouri prison by consuming large quantities of alcohol and driving a borrowed automobile. Loehr also attempted to obtain pain killers from a local pharmacy through the use of forged prescriptions. When police subsequently attempted stop Loehr for a traffic violation, he fled the scene, initiating a twenty-six minute chase through suburban St. Louis, Missouri. During the course of the pursuit, Loehr drove over residential lawns, drove the wrong way down one-way streets, and intentionally rammed police cars. Eventually, Loehr's automobile became mired on the edge of a creek bank. When police approached, Loehr resisted arrest and bit officer Paul Walton on the arm.

Loehr was charged with and convicted of numerous counts of assault, armed criminal action, and forgery. He was sentenced to ten years of imprisonment. Thereafter, Loehr filed this lawsuit, alleging that the officers had used excessive force during his arrest. Officer Walton then filed a counterclaim against Loehr related to the biting incident. The district court granted summary judgment to some of the defendants, and the case against the remaining defendants proceeded to trial. The jury returned a verdict for the defendants and awarded Walton $10,000 on his counterclaim against Loehr. The district court denied Loehr's motion for a new trial, and this appeal followed.

---

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, presiding by the consent of the parties pursuant to 28 U.S.C. § 636(c).

## II.

Loehr first contends that the district court erred in admitting evidence of his criminal convictions related to the underlying events of his § 1983 case. We will not reverse a district court's evidentiary rulings unless they constitute a clear and prejudicial abuse of discretion. Scheerer v. Hardee's Food Systems, Inc., 92 F.3d 702, 706 (8th Cir. 1996).

Loehr argues that the district court erred in admitting evidence of his convictions as substantive evidence in this case. He contends that "because the factual issue resolved in this case was fundamentally different from the factual issue resolved in the criminal case, collateral estoppel did not bar litigation of the issues in this case." Loehr further argues that because his criminal convictions were the result of a so-called "slow plea,"[2] the underlying factual issues were never actually litigated, and so the criminal convictions cannot preclude litigation of facts or serve as probative evidence in this case.

We reject these arguments. We note that although the district court initially admitted evidence of Loehr's criminal convictions as prima facie evidence of the underlying facts of the police chase, the court explicitly instructed the jury that the evidence should be used only for impeachment and credibility purposes. We presume that the jury followed these directions. Ryan v. Board of Police Commissioners, 96 F.3d 1076, 1083 (8th Cir. 1996). Loehr does not contend that his convictions were inadmissible for impeachment purposes, and that evidence falls within the scope of

---

[2]Loehr, citing People v. Wright, 729 P.2d 260, 264 (Cal. 1987), describes a "slow plea" as an "agreed upon disposition of a criminal case via any one of a number of contrived procedures which does not require the defendant to admit guilt but results in a finding of guilt on an anticipated charge and usually, for a promised punishment."

Federal Rule of Evidence 609, which governs the admission of past convictions for impeachment purposes. Accordingly, Loehr's prior convictions did not preclude litigation of the facts underlying this lawsuit.

Loehr also contends that the district court should have excluded evidence of his criminal convictions under Federal Rule of Evidence 403 because the evidence was confusing and unfairly prejudicial. Rule 403 permits a district court to exclude relevant evidence if its probative value is substantially outweighed by its unfair prejudicial effect. In light of the broad deference we accord to a district court's determinations under Rule 403, and considering that the convictions were admitted only for purposes of impeachment, we find no abuse of discretion in the district court's decision to admit this evidence. United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1998).

Loehr's second contention is that the $10,000 jury award on Walton's counterclaim was excessive because the evidence introduced at trial supports only an award of nominal damages. We note, however, that Loehr failed to raise this argument in the district court. In his motion for a new trial, Loehr contended that the jury's verdict was "against the weight of the evidence" and that a new trial was in order. He did not argue that the award of damages was excessive, nor did he contend that the district court should award nominal damages. Because "the issue of the excessiveness of a jury verdict must be presented first to the District Court in a motion for a new trial in order to preserve the issue for appellate review," DeWitt v. Brown, 669 F.2d 516, 524 (8th Cir. 1982), Loehr's challenge to the award of $10,000 in damages has been waived. Accordingly, we review for plain error, Wescott v. Crinklaw, 133 F.3d 658, 662 (8th Cir. 1998), and conclude that there has been no miscarriage of justice.

Moreover, even were we to reach the merits of Loehr's challenge to the damages award on Walton's counterclaim, we could not conclude that the district court abused its discretion. Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 476 (8th Cir. 1993) (standard of review). Especially in light of the fact that Walton must undergo

ongoing testing for the Hepatis-C virus as a result of the biting attack, the $10,000 award does not "shock the judicial conscience." <u>Flanigan v. Burlington Northern Inc.</u>, 632 F.2d 880, 884 (8th Cir. 1980).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.