# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1960

_____

Stanley Johnson,

          Appellant,

v.

Vince Vaughn; Cal Hall; John Szuba;
Lt. Willis; C.O. Jett; C.O. Walker; C.O.
Jackson; Nurse Watson; Lt. Meacham;
Lt. Morgan; C.O. Cruise; C.O.
Clemmons,

          Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri
\*
\*      [UNPUBLISHED]
\*
\*
\*
\*
\*

_____

Submitted:  December 6, 2001

Filed:  April 1, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Stanley Johnson appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri after a jury trial in his 42 U.S.C. § 1983 action, in which he claimed that defendants--twelve employees of the

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

St. Louis County Jail--used excessive force in restraining him and were deliberately indifferent to his serious medical needs and to conditions that were cruel and unusual and posed a health risk. The jury found for Johnson and awarded nominal damages against defendant Superintendent Vince Vaughn on the health-risk count, and otherwise found for defendants. For reversal, Johnson argues the jury's verdicts for defendants were not supported by the evidence and the damages award was insufficient. For the reasons discussed below, we affirm the judgment of the district court.

Because Johnson did not move for judgment as a matter of law or for a new trial after the jury delivered its verdicts and awarded damages, we review Johnson's challenges for plain error only. See Loehr v. Walton, 242 F.3d 834, 837 (8th Cir. 2001) (damages award); Williams v. City of Kansas City, 223 F.3d 749, 752-53 (8th Cir. 2000) (jury verdict). We find none.

The jurors could have concluded that defendants did not use excessive force in restraining Johnson to his bunk, given defendant Lieutenant Henry Willis's testimony that he did not hit Johnson and defendant Corrections Officer Paul Jett's testimony that the officers used minimal force to restrain the aggressive Johnson. See Morse v. Southern Union Co., 174 F.3d 917, 922-23 (8th Cir. 1999) (on appeal from jury verdict, this court's review does not include assessment of credibility of witnesses). The jurors also could have concluded that defendants were not deliberately indifferent to Johnson's serious medical needs, because the medical records showed that he received treatment on his injured hand the day after it was caught in the cell door and that nurses routinely checked and loosened his restraints. Cf. Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent because they treated prisoner on numerous occasions and offered him sensible medication and treatment). As to the health-risk count, the jurors could have concluded that Superintendent Vaughn, who admittedly gave the orders to have Johnson restrained, was the only culpable defendant. See Seltzer-Bey

v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

As for the damages award, we conclude that the award was not a plain injustice. See Sanders v. Brewer, 972 F.2d 920, 921-23 (8th Cir. 1992) ($1 compensatory damage award to inmate who was beaten by other inmates and suffered broken jaw was troubling but not plain injustice).

Accordingly, we affirm. We deny Johnson's pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.