# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1429

_____

| | | |
|---|---|---|
| Michael Britt Hodges, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Mike Huckabee, Governor for the | * | [UNPUBLISHED] |
| State of Arkansas, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 5, 2002
Filed: July 15, 2002

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Michael Britt Hodges appeals from the district court's[1] 28 U.S.C. § 1915A dismissal of his 42 U.S.C. § 1983 complaint, in which Hodges alleged that his constitutional rights were violated when Arkansas Governor Mike Huckabee denied his clemency application. Having carefully reviewed the record and

_____

[1]The Honorable Henry Woods, late a United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

appellant's brief, we agree with the district court that the complaint failed to state a claim. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review). Hodges's due process claim fails because the clemency statute imposes no standards, criteria, or factors which the Board may or may not consider in making its recommendation, and he did not otherwise describe a due process violation. See Perry v. Brownlee, 122 F.3d 20, 23 (8th Cir. 1997) (per curiam) (because Arkansas clemency statute does not impose standards as to when clemency must be granted, it does not create constitutional right or entitlement sufficient to invoke Due Process Clause). Hodges's equal protection claim also fails because he has not alleged that he is a member of a protected class, see Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), or explained how he is similarly situated to those prisoners whose clemency applications were granted, see Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 513 U.S. 1185 (1995). Accordingly, we affirm, and we deny Hodges's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-