# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-2095/2167

_____

| | | |
|---|---|---|
| Geraldine Simco, Administratrix of the Estate of Doris M. Smith, Deceased; Patti Lynn Bradley; Dan David Bradley, | * * * * * | |
| Appellees/Cross-Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Willie R. Ellis, doing business as Ellis Trucking; Andrew L. McCalpin, | * * | |
| | * | |
| Appellants/Cross-Appellees. | * | |

_____

Submitted: May 13, 2002

Filed: September 17, 2002

_____

Before BOWMAN and BYE, Circuit Judges, and NANGLE,[1] District Judge.

_____

BOWMAN, Circuit Judge.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

In this negligence case, Willie R. Ellis, doing business as Ellis Trucking, and Andrew McCalpin appeal from the judgment of the District Court[2] in favor of plaintiffs Geraldine Simco, administratrix of the estate of Doris Smith, and Patti Lynn Bradley and her husband, Dan David Bradley. Simco cross appeals, raising an evidentiary issue. We affirm.

On a March morning in 1999, a tractor-trailer flat-bed truck loaded with lumber and driven by McCalpin[3] overturned on a rain-soaked Arkansas state highway as the truck approached the second part of a sharp downhill s-curve. The truck and its load slid across the center line and smashed into a pickup truck driven by Doris Smith, who had pulled her truck over to the guardrail in an attempt to avoid the collision. Smith was killed and her passenger, Patti Bradley, was injured. In October 1999, the plaintiffs brought a state-court lawsuit, which was timely removed to the District Court, against Ellis, the owner of the truck and McCalpin's employer at the time of the accident, and against McCalpin, alleging that McCalpin's negligence was the cause of the accident.

At the end of a three-day trial, the jury found for the defendants on the question of McCalpin's negligence. The District Court granted the plaintiffs' motion for a new trial "solely on the grounds that the verdict was against the great weight of the evidence." Simco v. Ellis, No. 99-2194, Memorandum & Order at 5 (W.D. Ark. July 21, 2000) (granting motion for new trial). After a second trial, a different jury awarded $60,000 to Smith's estate, $225,000 to Patti Bradley, and $25,000 to Dan

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

[3]Following the lead of the parties and the District Court in this case, we will generally refer to the defendants collectively as McCalpin. It should be clear from the context when we are referring to McCalpin individually as the driver of the truck in question.

Bradley. McCalpin appeals, challenging the District Court's decision to grant a new trial and raising several issues related to the second trial. In a cross appeal, Simco challenges the exclusion of evidence relating to a drug test performed on a blood sample taken from McCalpin shortly after the accident.

We will reverse a district court's decision to grant a motion for a new trial only if it reflects a clear abuse of the court's broad discretion. Walzer v. St. Joseph State Hosp., 231 F.3d 1108, 1111 (8th Cir. 2000). We do require from the district court, however, an articulation of the basis for granting the motion "to permit meaningful review of its decision." Children's Broad. Corp. v. Walt Disney Co., 245 F.3d 1008, 1017 (8th Cir. 2001). Here, the District Court in its order granting a new trial carefully laid out the evidence that was before the jury and clearly spelled out the reasons for granting the motion. Recognizing the import of a decision to abrogate a jury verdict, the court nevertheless concluded that such a course of action was warranted in this case. We agree.

The transcript of the first trial included the following evidence. McCalpin was twenty-one years old and had been licensed as a truck driver for a few months at the time of the accident. He had never before driven a load for a long distance unaccompanied by his boss, and when he left Port Gibson, Mississippi, the evening before the accident, he was unfamiliar with the roads he was to take to his final destination, Kansas City, Missouri. In fact, McCalpin missed the turnoff to a route that would have avoided altogether the perilous stretch of road where the accident occurred. McCalpin was accompanied on the trip by his brother and a younger cousin.

The scene of the accident was an s-curve on old highway 71 near Mountainburg, Arkansas. Because of a steep hill, there were two lanes southbound, one of which served as a lane for vehicles to use in order to pass slower-moving traffic ascending the hill. There was only one northbound lane. The weather shortly

after 8 a.m. on March 8, 1999, was cloudy and rainy. As McCalpin's northbound truck approached the first part of the curve, it was traveling at a speed exceeding the recommended twenty miles per hour, despite the signs and flashing lights posted along the highway warning of the approaching dangerous curves and steep descent. McCalpin testified that he was blinded by a flash of light (although the length of time this visual impairment lasted is unclear) as he approached the first curve, yet he continued to drive without attempting to slow down. McCalpin lost control of the truck, and it turned over and slid across the center line into the southbound pickup truck driven by Doris Smith, which she had pulled over as far from the tractor-trailer as she could when she first saw it approaching, as McCalpin's truck already had crossed the center line and was tipped up on its left wheels.

The court advised the jury of the duty incumbent upon drivers of motor vehicles on the roads in Arkansas to keep a lookout, to keep their vehicles under control, and to drive at a reasonable and prudent speed under the circumstances, and the jury was instructed that the failure to conform to these rules was negligence. See Instruction No. 14 (Common Law Rules of Road). Negligence also was defined for the jurors as "the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case." Instruction No. 15 (Negligence–Definition). The jury was further instructed that it is negligence to fail to exercise ordinary care—"how a reasonably careful person would act under [the] circumstances." Instruction No. 16 (Ordinary Care).

Notwithstanding this evidence and these instructions, the first jury to hear the evidence in the case determined that McCalpin was not negligent. The District Court, in its review of the record upon the plaintiffs' motion for new trial, determined that "all of the evidence presented indicated that the accident was caused by McCalpin's negligence . . . . [I]t was a miscarriage of justice for the jury to conclude that the defendants were not at fault in causing the fatal crash or that the accident was

unavoidable." Simco, No. 99-2194, Memorandum & Order at 5 (granting motion for new trial). The court granted the motion, and McCalpin contends that decision was an abuse of the court's discretion.

Ironically, McCalpin faults the District Court for relying solely on his, McCalpin's, description of events that day, while ignoring the supposedly contrary testimony of his passengers. According to McCalpin, his own sworn testimony was "implausible," and the passengers' versions were "much more logical." Br. of Appellant at 50. But when a district court is considering a new trial motion on the grounds that the verdict is against the great weight of the evidence, the court "is entitled to interpret the evidence and judge the credibility of witnesses" for itself. Van Steenburgh v. Rival Co., 171 F.3d 1155, 1160 (8th Cir. 1999). This is not a case where the court has "usurp[ed] the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." Id. Instead, the District Court reviewed the evidence and determined that Doris Smith and Patti Bradley had no responsibility for the accident and that the accident was not unavoidable in the absence of McAlpin's negligence—negligence that was readily apparent from the uncontroverted evidence at trial. There is ample record support for these conclusions. The District Court did not abuse its discretion in deciding that a new trial was required to avoid a miscarriage of justice in this case.

McCalpin's remaining issues on appeal arise from the second trial, where the jury found for the plaintiffs and awarded damages. First, McCalpin contends there was insufficient evidence to submit to the jury the issues of Bradley's permanency of injury, her future pain and suffering, her future medical expenses, and her future lost earnings and Smith's conscious pain and suffering. Because he failed to raise these sufficiency issues in his motions under Federal Rule of Civil Procedure 50(b), we review only for plain error, see Broadus v. O.K. Indus., Inc., 238 F.3d 990, 991 (8th Cir. 2001) (per curiam), and find none. Likewise, McCalpin's claim that the verdict was excessive as to the Bradleys was not raised in post-trial motions and so is subject

to review only for plain error. See Loehr v. Walton, 242 F.3d 834, 837 (8th Cir. 2001). Under the plain-error standard of review, we will reverse only if the amount of damages is so disproportionate that it would be a miscarriage of justice to affirm it. See id. The $250,000 in damages awarded to the Bradleys does not meet that standard.

McCalpin also claims that the submission of punitive damages (which the jury declined to award) was error because there was insufficient evidence to merit such an instruction. But even if the District Court abused its discretion in giving the instruction, a question we need not decide, any error was harmless and the defendants cannot show otherwise. See Warren v. Prejean, Nos. 01-3591, 01-3592, 2002 WL 1842234, at *4 (8th Cir. Aug. 14, 2002).

Finally, McCalpin argues that the District Court should not have permitted Arkansas State Trooper Brian Davis, who investigated the accident, to testify on certain matters because he was not qualified as an expert. Davis's testimony had to do with his observations at the scene of the accident and his conclusions drawn from those observations as to a possible load shift and the speed of the truck before the accident. It is not entirely clear to us that all the testimony in question was that of an expert. But to the extent the evidence is properly classified as expert testimony, we do not think the District Court abused its discretion in allowing Davis to testify as he did. See Lloyd v. Am. Airlines, Inc. (In re Air Crash at Little Rock Ark., on June 1, 1999), 291 F.3d 503, 509 (8th Cir. 2002) (standard of review), petition for cert. filed, No. 02-257 (U.S. Aug. 14, 2002).

In her cross appeal, Simco challenges the District Court's decision to exclude blood-test evidence that she claims shows McCalpin had ingested cocaine on the morning of the accident. After a lengthy hearing on McCalpin's motion in limine, filed before the first trial, the District Court concluded that the drug test was incomplete and the inference to be drawn from it—that McCalpin had used cocaine

the morning of the accident—therefore was unreliable. Further, the court noted there was no evidence that McCalpin was intoxicated or impaired at the time of the accident and "the mere mention of cocaine would inflame the jury and be extremely prejudicial to the defendants." Simco v. Ellis, No. 99-CV-2194, Order at 3 (W.D. Ark. June 1, 2000) (granting defendants' motion in limine), reconsideration denied, Simco v. Ellis, No. 99-CV-2194 (W.D. Ark. Mar. 22, 2001). We see no clear abuse of discretion in the District Court's carefully considered order. See Stafne v. Unicare Homes, 266 F.3d 771, 776 (8th Cir. 2001) (standard of review).

The District Court is affirmed in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.