# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3566

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Ronald Frazier, also known as Paul | * | |
| Sato, also known as Glen Rose, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 20, 2002

Filed: October 10, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

A jury convicted Ronald Frazier of two counts of possession and utterance of a counterfeited security in violation of 18 U.S.C. § 513(a) (2000), finding he used two counterfeited cashier's checks to obtain $11,900 in travelers cheques. Frazier appeals his convictions, raising six claims before our court.

First, Frazier argues he was deprived of a fair trial because the district court[*] included "a/k/a Paul Sato" in the caption of its written answer to a question from the jury. The prosecution established that the man who purchased travelers cheques with counterfeited cashier's checks identified himself as "Paul Sato." The jury instructions made clear the jury was responsible for determining whether this man was Frazier. See, e.g., Jury Instructions 2, 17. Further, the district court removed "a/k/a Paul Sato" from the caption on the jury instructions. Because Frazier did not object to the inclusion of "a/k/a Paul Sato" in the court's response to a jury question, we review the inclusion of this alias for plain error. See United States v. Cotton, 122 S. Ct. 1781, 1785 (2002) (standard of review). We assume the caption on the court's response to a jury question was an error, that it was plain, and that it affected the defendant's substantial rights. Having reviewed this mistake in the context of the trial and the other jury instructions, however, we conclude that naming the defendant as "a/k/a Paul Sato" in the caption of one response to a jury question did not "'seriously affect[] the fairness, integrity, or public reputation of [the] proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). Frazier's first claim is without merit.

Second, Frazier contends the district court committed plain error by failing to define "uttering" in the jury instructions, although Frazier did not request a clarification or object to the jury instructions and the jury did not ask for a definition. See United States v. Watson, 953 F.2d 406, 410 (8th Cir. 1992) (standard of review). We conclude this word is of general use, and find no plain error in the district court's failure to issue a definition. Even if the jury had misunderstood the definition of "uttering," however, the jury verdict would remain valid. As discussed below, the jury was not required to find that Frazier uttered counterfeited securities to convict him of both charges; the jury only needed to find that Frazier possessed counterfeited

---

[*]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit Court of Appeals.

securities. Further, Frazier does not challenge the definition of possession given in jury instruction thirteen.

Third, because Frazier did not object to a typographical error on the verdict form, we review this claim for plain error. See United States v. Davis, 237 F.3d 942, 944 (8th Cir. 2001) (standard of review). The verdict form separated counts one and two. For count two, the verdict form read:

> 2. As to Count 2 of the Indictment, we the Jury find the Defendant Ronald Frazier:
>
> Not Guilty____     Guilty ____
>
> If you found the Defendant guilty of Count 1 of the Indictment, did you find the object of the offense to be:
> __ Possessing a counterfeited check.
> __ Uttering a counterfeited check.
> __ Possessing and uttering a counterfeited check.

(Emphasis added). The jury concluded Frazier was guilty of both counts one and two, and found for both counts he had possessed and uttered a counterfeited check. The verdict form should have read, "If you found the defendant guilty of Count 2 of the indictment . . . ." (emphasis added), before asking the jury to identify the offense committed by Frazier.

Taken as a whole, the jury instructions make this error harmless. We presume the jury followed the court's instructions. See Loehr v. Walton, 242 F.3d 834, 836 (8th Cir. 2001). Jury instruction eight told the jury the two counts charged separate crimes and a separate verdict was required for each charge. Jury instruction nine states the jury can return a guilty verdict on each count if it finds Frazier possessed "and/or" uttered a counterfeited security, even though Frazier was charged with possessing "and" uttering. (The charge is consistent with jury instruction nine under the law of our circuit. See United States v. Blumeyer, 114 F.3d 758, 769 (8th Cir. 1997)). Thus, whether the jury found Frazier "possessed," "uttered," or "possessed and uttered" a

counterfeited security does not affect the jury's conclusion that Frazier was guilty of charge two. We conclude the error on the verdict form is harmless.

Fourth, Frazier argues the district court committed reversible error when it failed to address the alleged problem that some jurors slept during the defense expert witness's testimony about the unreliability of eyewitness identifications. Because Frazier did not alert the court to possible jury misconduct during the trial, Frazier is barred from raising this claim for the first time on appeal. United States v. Sorenson, 611 F.2d 701, 702 (8th Cir. 1979) (per curiam).

Fifth, Frazier claims the district court abused its discretion when it did not grant his second motion for substitution of appointed counsel. See United States v. Barrow, 287 F.3d 733, 737 (8th Cir. 2002) (standard of review). Having reviewed the record, we conclude the district court did not abuse its discretion when it denied Frazier's motion to replace his second court-appointed attorney.

Finally, Frazier raises ineffectiveness of counsel claims. Frazier's ineffective assistance claims are "not ripe for review on direct appeal because no record was made on the issue before the District Court." Blumeyer, 114 F.3d at 771. Even if this claim were properly before our court on habeas review, though, we would likely conclude Frazier's allegations do not establish the cause and prejudice required by Strickland v. Washington, 466 U.S. 668, 687 (1984).

For the reasons stated above, we affirm Frazier's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-