# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3734

_____

| | | |
|---|---|---|
| C.J. Stewart, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Benjamin Darden; Shyheim Deen | * | |
| El-Mu'min, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Crawford; Dave Dormire; | * | Western District of Missouri. |
| A Woods; Bruce Galloway; Tom | * | |
| Clements; M Ortbals; Jay Cassady; | * | [UNPUBLISHED] |
| W Friesen, Sgt; - Walling, Lt; | * | |
| - Ruppell; Lisa Jones; Debra Reed; | * | |
| David Webster; Enloe; Branson; | * | |
| MO Dept. of Corrections, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 6, 2011
Filed: October 27, 2011

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate C.J. Stewart appeals the district court's[1] grant of summary judgment to defendants on his claims brought under 42 U.S.C. § 1983. In his second amended complaint, filed with the assistance of counsel, Stewart alleged that the conditions in administrative segregation (ad seg) violated the Eighth Amendment, that defendants placed inmates in segregation in violation of their due process rights, and that defendants denied him access to the courts.

We first hold that the district court did not err in finding that Stewart failed to exhaust several of his specific claims. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (district court's application of Prison Litigation Reform Act is reviewed de novo and its findings of fact for clear error). As to the claims the district court found exhausted, we conclude that the court properly granted summary judgment for the following reasons. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009) (grant of summary judgment is reviewed de novo, viewing facts in light most favorable to nonmoving party).

Specifically, we conclude that Stewart did not show he was denied adequate exercise in ad seg, as he was allowed out of his cell for three hours of exercise per week, as well as for showers, and his cell was large enough to allow him the opportunity to exercise in his cell. See Hosna v. Groose, 80 F.3d 298, 306 (8th Cir. 1996) (3 hours per week of out-of-cell exercise does not necessarily violate the Constitution); Wishon v. Gammon, 978 F.2d 446, 447, 449 (8th Cir. 1992) (inmate had opportunity to exercise in 63-square-foot cell). As to Stewart's claim that the conditions in ad seg led to increased violence, he did not submit any evidence that the level of violence in ad seg was greater than the level of violence in other areas of the prison. See Cody v. Hillard, 830 F.2d 912, 914-15 (8th Cir. 1987) (en banc) (finding

---

[1]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

no evidentiary basis for conclusion that double-celling increased violence because record did not show comparable incidents of violence before and after double-celling).

We further conclude that Stewart's June 5, 2008, placement in a strip cell was constitutional, as the placement was for only one day; he was allowed to wear boxer shorts, a t-shirt, and socks; and he had a mattress. See Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (length of time prisoner is subjected to harsh conditions is critical in analyzing deliberate indifference); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995) (no Eighth Amendment violation where inmate was placed in strip cell for two days); Williams v. Delo, 49 F.3d 442, 444-46 (8th Cir. 1995) (no Eighth Amendment violation where inmate was in cell for four days with only light, toilet, and sink, and was deprived of toothbrush, toothpaste, deodorant, soap, bed sheets, blankets, pillows, and clothes). Further, Stewart did not provide evidence that the manner in which the window in his door was covered violated his Eighth Amendment rights.

As to Stewart's claim that he was placed in segregation in violation of his due process rights, even assuming the conditions in ad seg imposed an atypical and significant hardship, the record showed that Stewart received adequate process, see Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002) (discussing sufficiency of process for inmate in segregation cell). Finally, Stewart's claim that his due process rights were violated when he was required to sign an enemy waiver in order to be transferred to another institution fails. See Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (prisoners do not have constitutional right to remain in particular institution, and assignments are discretionary as long as they are not done for prohibited or invidious reasons).

The judgment is affirmed.

_____