# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1916

_____

Christopher Deaton

*Plaintiff - Appellant*

v.

Arkansas Department of Correction; Ray Hobbs, Director, Arkansas Department of Correction; Larry Norris, Former Director, Arkansas Department of Correction; Larry May, Chief Deputy Director, Arkansas Department of Correction; Raymond Naylor, Hearing Officer Administrator, Arkansas Department of Correction; Danny Burl, Warden, East Arkansas Regional Unit, ADC; Greg Harmon, Former Warden, East Arkansas Regional Unit, ADC; Richard Todd Ball, Deputy Warden, East Arkansas Regional Unit, ADC; Dexter Payne, Deputy Warden, East Arkansas Regional Unit, ADC; Steve Outlaw, Former Deputy Warden, East Arkansas Regional Unit, ADC; Essie Clay, DHO, Arkansas Department of Correction; Minnie L. Drayer, DHO, Arkansas Department of Correction; Lahan Ester, Former DHO, Arkansas Department of Correction; Justine Minor, DHO, Arkansas Department of Correction; Curtis Rolfe, Former DHO, Arkansas Department of Correction; Lorie Taylor, DHO, Arkansas Department of Correction; Jeremy C. Andrews, Chief Security Officer, East Arkansas Regional Unit, ADC; DeAngelo M. Earl, CSO, East Arkansas Regional Unit, ADC; Clinton Wade Hall, CSO, East Arkansas Department of Correction; Clarence Kelley, CSO, East Arkansas Regional Unit, ADC; Maurice Williams, CSO, East Arkansas Regional Unit, ADC; Moses Jackson, Captain, East Arkansas Regional Unit, ADC; Wallace MacNary, Captain, East Arkansas Regional Unit, ADC; Janice Gray, Law Library Supervisor, East Arkansas Regional Unit, ADC; Derrick Harris, Corporal, Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: November 4, 2014
Filed: December 17, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Christopher Deaton appeals the district court's[1] dismissal of his pro se 42 U.S.C. § 1983 complaint asserting violations of his constitutional rights and rights under the Religious Land Use and Institutionalized Person Act of 2000, 42 U.S.C. § 2000cc *et seq.* The district court dismissed the complaint partially under 28 U.S.C. § 1915A and partially on summary judgment. Upon careful de novo review, we find no basis for reversal. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review for § 1915A dismissal); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (standard of review for summary judgment). Accordingly, we affirm the judgment of the district court. *See* 8th Cir. R. 47B.

COLLOTON, Circuit Judge, dissenting.

The Supreme Court granted certiorari in *Holt v. Hobbs*, 134 S. Ct. 1490 (2014), to consider the following question: "Whether the Arkansas Department of

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the reports and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

-2-

Correction's grooming policy violates the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*, to the extent it prohibits petitioner from growing a one-half-inch beard in accordance with his religious beliefs." *Id.* at 1512. The case was argued on October 7, 2014, and a decision is likely to be issued soon.

This case is factually distinguishable from *Holt*, because appellant Deaton—like the prisoner in *Fegans v. Norris*, 537 F.3d 897 (8th Cir. 2008)—claims a right based on RLUIPA to grow a full beard in accordance with his religious beliefs. But the Court's reasoning in *Holt* will inform how Deaton's claim should be analyzed and whether *Fegans* has continuing vitality. In the interest of judicial economy, I would hold this case briefly pending a decision in *Holt* rather than burden Mr. Deaton with the need to file a petition for writ of certiorari to secure an order granting certiorari, vacating this court's decision, and remanding for further consideration in light of *Holt*.

_____