**Joseph WATSON; Bill Harris, Appellants,**

v.

**Marie JONES, Appellee.**

**No. 92–2034.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Dec. 1, 1992.

Joseph Watson and Bill Harris, pro se.

Robert J. Krehbiel and Donna S. Morrison, St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Joseph Watson and Bill Harris, Missouri inmates, appeal the district court's grant of summary judgment to defendant Jones in their 42 U.S.C. § 1983 case. We reverse and remand.

In a verified complaint, Watson and Harris alleged that Jones, a female corrections officer, performed almost daily routine pat-down searches for the two months preceding November 2, 1990, that consisted of tickling and "a deliberate examination of the genital, anus, lower stomach and thigh areas." They alleged that, when they informed Jones that they wished to be

searched by male guards, Jones retaliated by citing them for false disciplinary violations. They further alleged that, when they refused to be searched by Jones, they were placed in the "hole." They attached to their complaint conduct violation reports: Harris's indicates that he stated to the interviewing officer that he refused the pat-down search and had made complaints about Jones "being sexually harassing."

Jones moved for summary judgment. In an affidavit in support, Jones attested that, during the two-month period in question she patted down plaintiffs only six to seven times; she pats down inmates in accordance with procedure; she never pats an inmate in the crotch area unless she "know[s] something is there"; she never touches an inmate's genital, anal, or upper thigh area; and she has touched an inmate's lower stomach with the back of her hands in accordance with procedure. Plaintiffs' response essentially reiterated the allegations in their complaint, adding that Jones's searches included "prolonged rubbing and fondling of the genitals and anus area"; her searches violated their Fourth Amendment rights; and they did not refuse pat-down searches by Jones because of her gender, but because of her "ongoing sexual advances toward them."

The district court granted Jones's motion for summary judgment, finding that the inmates had made only broad, conclusory allegations of sexual harassment, while Jones, in her affidavit, swore that she had not conducted any improper pat searches.

 In reviewing a decision of the district court to grant summary judgment, we must apply the same strict standard as the district court; therefore, our review is de novo. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir.1989). We are required to view all evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings. *Id.* Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

 We conclude that a material factual dispute remained concerning whether Jones subjected the plaintiffs to sexually harassing and physically intrusive pat-down searches. Plaintiffs' verified complaint is the equivalent of an affidavit for the purpose of summary judgment. *See Williams v. Adams*, 935 F.2d 960, 961 (8th Cir.1991). Plaintiffs' attestation in their complaint that Jones fondled them during pat-down searches was countered by Jones's denial in her affidavit supporting her summary judgment motion. Although plaintiffs' complaint admittedly lacks detail, we do not agree with the district court that the allegations were broad and conclusory. Plaintiffs included allegations regarding when the searches occurred (almost daily for a period of two months preceding November 2, 1990), under what circumstances the searches occurred (routine), how Jones conducted the searches, and complaints to prison officials about the searches (in Harris's conduct violation report attached to the complaint).[1]

Accordingly, we reverse and remand to the district court for further proceedings.

---

1. The district court also asserted that plaintiffs' constitutional rights were not violated solely because pat-down searches were conducted by female corrections officers, citing *Timm v. Gunter*, 917 F.2d 1093, 1100–01 (8th Cir.1990). We find the instant case distinguishable from *Timm* based on the arguments presented. In *Timm*, the inmates claimed that pat-down searches by female corrections officers per se violated their constitutional rights. Here, plaintiffs alleged that Jones's searches were unreasonable because of the manner in which she conducted them.