United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1827
_____

Cortez Berryhill,                     *
                                      *
         Plaintiff-Appellant,         *  Appeal from the United States
                                      *  District Court for the Western
    v.                                *  District of Missouri.
                                      *
Dora Schriro, George Lombardi,        *
Kelly Lock,                           *
                                      *
         Defendants,                  *
                                      *
Larry Dorsey, Virgil Helton, Ray      *
Bloomer, Ron Walters,                 *
                                      *
                   Defendants-        *
Appellees.

_____

Submitted: November 17, 1997
                    Filed: March 6, 1998
_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

     Cortez Berryhill, a Missouri prisoner, appeals the district court's[1]
grant of summary judgment in favor of defendants Larry Dorsey, Virgil
Helton, Ray Bloomer,

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western
District of Missouri.

and Ron Walters in this civil rights action brought pursuant to 42 U.S.C. § 1983.  We affirm.

## I.

In his second amended complaint, Berryhill claims that on November 4, 1994, while working in a maintenance job assignment at the prison, he was approached by four civilian maintenance workers--Dorsey, Helton, Bloomer, and Walters.  In his deposition, Berryhill testified that Bloomer grabbed him by the shoulders while Helton grabbed his buttocks with one hand "[b]riefly."  (R. at 133.)  Berryhill testified that while he was telling Helton that he "didn't play this" (R. at 128), Walters also grabbed Berryhill's buttocks for a moment.  Berryhill pulled away from them and left the maintenance building feeling that they had intended to embarrass him.  He asserted that Dorsey verbally provoked the incident, but the only thing he could remember Dorsey saying was something to the effect of, "Here he comes."  (R. at 147-48.)  He did not hear the other defendants say anything to him.  Berryhill said that the whole incident lasted less than a minute or a minute at the most.

In his federal complaint, Berryhill claims that the defendants' conduct in this incident violated his Eighth Amendment right to be free from cruel and unusual punishment as well as his Fourteenth Amendment right to bodily integrity.  He claims that he suffered asthma attacks and emotional distress as a result of the incident.  The complaint also asserts one count of common law assault and battery arising from the incident.  The defendants filed a motion for summary judgment on several grounds, including that Berryhill demonstrated no constitutional violation, that the defendants, who are civilian employees, were not acting under color of state law, and that if they were acting under color of state law they are entitled to qualified immunity.  The defendants urged the district court not to exercise its pendent jurisdiction over the state law claim.

A magistrate judge's report and recommendation initially recommended that the summary judgment motion be granted as to defendant Dorsey, because the record indicates that he did not participate in any physical touching and he made no comments during the incident. The magistrate judge recommended that summary judgment be denied as to the other defendants, citing a factual dispute over whether a sexual assault or a minor incident of nonsexual horseplay occurred. The district court did not adopt the report and recommendation but granted the defendants' motion for summary judgment in its entirety. The district court stated that summary judgment is appropriate "[f]or the reasons set forth in the defendants' pleadings," without any further explanation of the ruling. (Appellant's Adden. at A-2.) Berryhill appeals.

## II.

We review de novo the district court's grant of summary judgment, applying the same standards as the district court. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997); Mayard v. Hopwood, 105 F.3d 1226, 1227 (8th Cir.1997). We will affirm the grant of summary judgment if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering the facts and the inferences to be drawn from them, we do so in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Dulany, 132 F.3d at 1237.

Berryhill challenges the district court's grant of summary judgment, arguing that the defendants' actions amount to an Eighth Amendment violation, that the defendants were acting under color of state law, and that questions of fact preclude a grant of qualified immunity prior to trial.[2] We first consider whether Berryhill has demonstrated

---

[2]Although Berryhill also raised a Fourteenth Amendment claim in his complaint, he does not pursue this claim on appeal. "As a general rule, we will consider an issue not raised or briefed in this court waived." Stephenson v. Davenport Community Sch. Dist., 110 F.3d 1303, 1307 n.3 (8th Cir. 1997) (internal quotations omitted). We see no reason to deviate from the general rule here.

an Eighth Amendment violation, because if not, summary judgment was proper and we need not address his remaining arguments.

The Eighth Amendment protects against cruel and unusual punishments. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[O]nly the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. (internal quotations and alterations omitted). While an Eighth Amendment claimant must allege and prove the unnecessary and wanton infliction of pain, the particular standard to be applied depends upon the kind of conduct of which the claimant complains. Id. at 320. When conditions of confinement are challenged, the deliberate indifference standard applies. Wilson v. Seiter, 501 U.S. 294, 303 (1991). To succeed on an Eighth Amendment claim under this standard, the plaintiff must demonstrate (1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to the plaintiff, and (2) that the defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety. See Stephens v. Johnson, 83 F.3d 198, 200-01 (8th Cir. 1996); Givens v. Jones, 900 F.2d 1229, 1234 (8th Cir. 1990). When brutality by prison employees is alleged, the question is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Wilkins v. Moore, 40 F.3d 954, 958 (8th Cir. 1994) (citing Whitley, 475 U.S. at 320-21; Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

There is no indication that the incident here involved discipline or undue force. Berryhill labels the defendants' actions as homosexual advances, which caused him

asthma attacks and psychological suffering. The evidence produced, however, does not support his allegations. The record demonstrates that the defendants were reprimanded for their inappropriate "horse play" (R. at 190), and we have no doubt that their behavior was inappropriate. Nevertheless, there is no evidence that Berryhill suffered anything more than a brief unwanted touch on his buttocks. We bear in mind that not "every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action." Hudson, 503 U.S. at 9.

The only dispute lies in the characterization of this incident. The defendants characterize it as mere friendly horseplay, while Berryhill now characterizes the incident as a sexual advancement. This dispute does not amount to a material dispute of fact sufficient to preclude summary judgment, however, because Berryhill points to no evidence to support his characterization of the incident. Certainly, sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries. See Vosburg v. Solem, 845 F.2d 763, 767 (8th Cir.), cert. denied, 488 U.S. 928 (1988). It would be a distortion, however, to characterize the conduct in this case as a sexual assault, even when we view the evidence, as we must, in the light most favorable to the plaintiff. According to Berryhill's deposition testimony, the brief touch to his buttocks lasted mere seconds, it was not accompanied by any sexual comments or banter, and he thought the defendants were trying to embarrass him, not rape him. Berryhill did not assert that he feared sexual abuse during the incident, and the two brief touches to his buttocks in the circumstances of this case simply cannot be construed as a sexual assault. Berryhill points to no evidence other than the fact that he was briefly touched to support his claim that this was some sort of sexual advancement or assault.

Furthermore, no objectively serious injury (either physical or psychological) was shown to have arisen from the incident. In his deposition testimony, Berryhill asserts that he was humiliated and paranoid after the incident, but he never sought medical attention for any psychological or emotional difficulty and no fellow inmates attempted

to sexually assault him after incident.  Berryhill also asserted that he experienced shortness of breath three or four times as a result of the incident.  He has suffered from asthma attacks for several years, however, and no medical evidence suggested that his shortness of breath on these occasions resulted from this incident with the defendants.  Demonstrating a serious or permanent injury is not required to make out an Eighth Amendment claim, but some actual injury must be shown and the extent of the injury and pain suffered are relevant concerns in determining whether the conduct amounts to cruel and unusual punishment.  White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994).  Berryhill has shown no injury.

The allegations of this case are a far cry from the allegations in other cases which have ultimately withstood summary judgment.  See, e.g., Seltzer-Bey v. Delo, 66 F.3d 961, 962-63 (8th Cir. 1995) (reversing a grant of summary judgment where motions for discovery were pending and the plaintiff had attested to, among other things, a sexual assault by a prison official, daily strip searches during which prison officials made sexual comments about the plaintiff, and one incident where the prison official conducting the strip search rubbed the plaintiff's buttocks with a nightstick while making suggestive comments); Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992) (reversing a grant of summary judgment where the plaintiffs attested that prison officials were engaging in almost daily, sexually harassing pat-down searches).  We conclude that Berryhill has failed to create a material dispute of fact on the objective component of his Eighth Amendment claim.  He cannot demonstrate that the unwelcome touches amounted to unnecessary and wanton infliction of pain.  See Whitley, 475 U.S. at 319.  Accordingly, his claim cannot withstand summary judgment.

Berryhill contends that we should remand to the district court with instructions for it to explain the reasons for its grant of summary judgment.  We conclude that a remand is not necessary, because this court can affirm the district court's summary judgment decision on any basis supported by the record.  See Duffy v. Wolle, 123 F.3d 1026, 1035 n.5 (8th Cir.1997).  Having found a basis for affirmance, we need not

consider Berryhill's remaining arguments.  Additionally, the district court did not abuse its discretion by declining to exercise jurisdiction over the supplemental state law claim of assault.  <u>See</u> 28 U.S.C. § 1367(c)(3) (permitting district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

## III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.