# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1277EA

_____

Steven P. Howard, also known as    *
Kelly Lee Howard,    *
   *
       Appellee,    *
   *
       v.    *
   *
Heath Everett, CO-I, North Central    *
Unit, Arkansas Department of    *
Correction; Larry Norris, Director,    *
Arkansas Department of Correction;    *
G. David Guntharp, Assistant    *   On Appeal from the United
Director, Arkansas Department of    *   States District Court
Correction; Larry May, Warden, North    *   for the Eastern District
Central Unit, Arkansas Department of    *   of Arkansas.
Correction; John Belken, Assistant    *
Warden, North Central Unit, Arkansas    *   [Not To Be Published]
Department of Correction; Robert    *
Perry, Major, North Central Unit,    *
Arkansas Department of Correction,    *
   *
       Defendants,    *
   *
Robert W. Henderson, Food Production    *
Supervisor, North Central Unit,    *
Arkansas Department of Correction;    *
Dustin Foret, Food Production    *
Supervisor, North Central Unit,    *
Arkansas Department of Correction,    *
   *
       Appellants,    *

Keith Berry, Sergeant, North Central
Unit, Arkansas Department of
Correction; Jeff Deen, Lieutenant,
North Central Unit, Arkansas
Department of Correction; Mark
Smith, CO-1, North Central Unit,
Arkansas Department of Correction;
Russ Bolia, Sergeant, North Central
Unit, Arkansas Department of
Correction,

    Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: February 28, 2000
Filed: March 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Steven Howard, an inmate at the North Central Unit (NCU) in Arkansas, submitted a 42 U.S.C. § 1983 complaint against NCU employees Robert Henderson and Dustin Foret, among others, alleging that they verbally sexually harassed him in violation of the Eighth Amendment. The District Court denied Henderson's and Foret's motion for summary judgment based on qualified immunity, and Henderson and Foret appeal. We reverse.

Although a denial of summary judgment is not a final decision, when the issue presented is whether the facts alleged support a claim that defendants violated clearly

-2-

established law, the denial of summary judgment is immediately appealable, and we conduct a de novo review. See Pace v. City of Des Moines, No. 99-1423, 2000 WL 31713, at *1 (8th Cir. Jan. 13, 2000). Qualified immunity shields government officials from suit unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In determining defendants' entitlement to immunity, we determine whether the plaintiff has alleged a deprivation of constitutional magnitude, and, if so, whether that right was so clearly established that defendants would have known their conduct violated the Constitution at the time of their acts. See Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998) (en banc). "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted).

We disagree with the District Court that Howard alleged a deprivation of constitutional magnitude. Although defendants' sexual comments and gestures were reprehensible, Howard specifically alleged that Henderson and Foret never touched him. We believe this sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain. Cf. Seltzer-Bey v. Delo, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach and thigh areas were sufficient to withstand summary judgment motion). Thus, we conclude the District Court erred in

not finding defendants were entitled to qualified immunity, and we reverse and remand for entry of an order granting their motion for summary judgment.

Accordingly, we reverse and remand for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.