# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3062

_____

Carl Eric Olsen,                          *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
Michael Mukasey, Attorney General of      *    Appeal from the United States
the United States; Thomas Miller,         *    District Court for the
Attorney General of Iowa; John            *    Southern District of Iowa.
Sarcone, Attorney of Polk County,         *
Iowa; Dennis Anderson, Sheriff of Polk    *
County, Iowa; Karen Tandy,                *
Administrator of the United States Drug   *
Enforcement Administration,               *
                                          *
          Appellees.                      *

_____

Submitted: April 18, 2008
Filed: September 8, 2008

_____

Before GRUENDER, BRIGHT, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Carl Eric Olsen appeals the district court's[1] order dismissing his complaint for declaratory and injunctive relief from the federal and Iowa Controlled Substances Acts

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

(CSAs) for his sacramental use of marijuana. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Olsen asserts that he adheres to the teachings of the Ethiopian Zion Coptic Church (EZCC), which advocates the use of marijuana. In *State v. Olsen*, 315 N.W.2d 1 (Iowa 1982), Olsen appealed from a conviction for possession of marijuana with intent to deliver. The court considered and rejected his free-exercise-of-religion defense. In *United States v. Rush*, 738 F.2d 497 (1st Cir. 1984), Olsen was one of fifteen defendants convicted for taking part in an operation to distribute marijuana. Again, his free exercise defense was rejected. In *Olsen v. DEA*, 878 F.2d 1458 (D.C. Cir. 1989), the court affirmed the Drug Enforcement Administration's denial of Olsen's request for a religious-use exemption from the federal laws proscribing marijuana.

After *Olsen, Rush*, and *DEA*, the Supreme Court changed the standard of review for neutral laws of general applicability that burden religion, in *Employment Division v. Smith*, 494 U.S. 872 (1990). In response, Congress passed the Religious Freedom Restoration Act of 1993 (RFRA), restoring the pre-*Smith* compelling interest test in all cases where free exercise of religion is substantially burdened. **42 U.S.C. § 2000bb**.

Olsen filed this complaint in district court seeking a declaration that for his religious use, marijuana is not a controlled substance under the CSAs, and an order enjoining federal, state and local officials from enforcing the CSAs against him for the sacramental use of marijuana. The court dismissed Olsen's claims under Rule 12(b)(6) for failure to state a claim. This dismissal is a question of law subject to de novo appellate review. *Harris v. Epoch Group*, 357 F.3d 822, 824-25 (8th Cir. 2004).

II.

Olsen argues that the court erred in dismissing his statutory claims under RFRA and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

A.     State RFRA Claim

Olsen contends that the court's dismissal of his RFRA claim against the state officials was improper since RFRA should apply to the same governments as RLUIPA (which does apply to state governments). Olsen also maintains that the Iowa CSA "functions as an appendage of federal drug law" since it adopts federal designations of controlled substances and Iowa's drug law enforcement receives funding from the federal government.

Application of RFRA to the states is unconstitutional. *City of Boerne v. Flores*, 521 U.S. 507, 511 (1997); *In re Young*, 141 F.3d 854, 856 (8th Cir. 1998). The RFRA definition of "government" has been amended to no longer include state governments. **Pub. L. No. 106-274, § 7(a)(1), 114 Stat. 806 (2000) (codified at 42 U.S.C. § 2000bb-2)**. The Iowa CSA is state law, not subject to RFRA.

B.     Federal RFRA Claim

The district court rejected Olsen's federal RFRA claim based on collateral estoppel. Collateral estoppel or issue preclusion has five basic elements: (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment. *Robinette v. Jones*,

476 F.3d 585, 589 (8th Cir. 2007), *citing **Anderson v. Genuine Parts Co, Inc.***, 128 F.3d 1267, 1273 (8th Cir. 1997).

Collateral estoppel does not apply if controlling facts or legal principles have changed significantly since Olsen's prior judgments. *See **Montana v. United States***, 440 U.S. 147, 155 (1979). Collateral estoppel "is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." ***Commissioner v. Sunnen***, 333 U.S. 591, 599 (1948).

According to Olsen, his claim is not barred by collateral estoppel because RFRA, as interpreted in *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418 (2006), changed the method for determining whether the government has a compelling interest in prohibiting his sacramental use of marijuana. To the contrary, an explicit purpose of RFRA was to "restore the compelling interest test as set forth in Sherbert v. Verner, 374 U.S. 398 (1963) and Wisconsin v. Yoder, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened . . . ." **42 U.S.C. § 2000bb-1**. Olsen claims *O Centro* requires that the compelling interest of a challenged law must be evaluated with respect to the particular claimant whose religious exercise is substantially burdened, *and* that this requirement did not exist pre-*Smith*. In fact, *O Centro* says that *Sherbert* and *Yoder* "looked beyond broadly formulated interests justifying the general applicability of government mandates and scrutinized the asserted harm of granting specific exemptions to particular religious claimants." *O Centro*, 546 U.S. at 431. The pre-*Smith* standard required a particularized evaluation. *See*, *e.g.*, ***Quaring v. Peterson***, 728 F.2d 1121, 1126-27 (8th Cir. 1984) (applying *Sherbert* and *Yoder* by evaluating whether a government interest in requiring driver's license photographs is compelling as applied to a particular free-exercise claimant), *aff'd by an equally divided court*, 472 U.S. 478 (1985). The pre-*Smith* standard applicable in *Olsen, Rush,* and *DEA* is the same standard applicable to Olsen's current claim. There is no

difference in the controlling law. Olsen's federal RFRA claim is barred by collateral estoppel.

C.     RLUIPA

RLUIPA protects religious land use and the religious exercise of institutionalized persons. RLUIPA applies only to land use regulations and persons in an institution. **42 U.S.C. § 2000cc et seq**. A "[l]and use regulation" is "a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land . . . ." **42 U.S.C. § 2000cc-5**. The CSAs are not land use regulations under RLUIPA.

Olsen also claims RLUIPA protection as a person in an institution. According to RLUIPA:

> (1) The term "institution" means any facility or institution--
>    (A) which is owned, operated, or managed by, or provides
>        services on behalf of any State or political subdivision of a
>        State; and
>    (B) which is--
>        (i) for persons who are mentally ill, disabled, or retarded, or
>           chronically ill or handicapped;
>        (ii) a jail, prison, or other correctional facility;
>        (iii) a pretrial detention facility;
>        (iv) for juveniles . . .
>        (v) providing skilled nursing, intermediate or long-term care,
>            or custodial or residential care.

**42 U.S.C. § 1997**. Olsen does not allege any facts indicating that he is an institutionalized person for purposes of RLUIPA.

III.

Olsen argues that the district court erred in dismissing his free exercise and equal protection claims. He contends that the CSAs are not neutral laws of general applicability and therefore, their application must be supported by a compelling government interest. He alternatively asserts that his claims involve "hybrid rights," requiring the compelling interest test.

Under *Smith*, if a law that is not "neutral and generally applicable" burdens a religious practice, it must be narrowly tailored to achieve a compelling government interest. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). A law is not neutral if its object is "to infringe upon or restrict practices because of their religious motivation." *Id.* at 533. Absent evidence of an "intent to regulate religious worship," a law is a neutral law of general applicability. *Cornerstone Bible Church v. City of Hastings*, 948 F.2d 464, 472 (8th Cir. 1991).

Olsen does not allege that the object of the CSAs is to restrict the religious use of marijuana or target the EZCC. Rather, he contends that the CSAs are not generally applicable because they exempt the use of alcohol and tobacco, certain research and medical uses of marijuana, and the sacramental use of peyote. General applicability does not mean absolute universality. Exceptions do not negate that the CSAs are generally applicable. *See O Centro*, 546 U.S. at 436; *United States v. Milk*, 281 F.3d 762, 768 (8th Cir. 2002); *United States v. Meyers*, 95 F.3d 1475, 1481 (10th Cir. 1996).

In addition to his free exercise claim, Olsen alleges an equal protection violation, invoking the *Smith* "hybrid rights" doctrine: "The only decisions in which we have held that the First Amendment bars application of a neutral, generally applicable law to religiously motivated action have involved not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional

-6-

protections . . . ." *Smith*, 494 U.S. at 881. Olsen contends that since he is alleging a violation of hybrid rights, the compelling interest test applies.

Olsen's free exercise claim was previously considered in *Olsen, Rush*, and *DEA*. Strict scrutiny was the appropriate analysis then just as it is under the "hybrid rights" doctrine. As discussed, there has not been a change in controlling law since these prior cases. Therefore, Olsen's free exercise claim – alone or hybrid – is barred by collateral estoppel.

Olsen has also already litigated his equal protection claim. *See **Rush***, 738 F.2d at 513; ***DEA***, 878 F.2d at 1463; ***Olsen v. State of Iowa***, 808 F.2d 652, 653 (8th Cir. 1986) (per curiam). He asserts *O Centro* is an intervening change in law, but *O Centro* does not address equal protection. This court agrees with the district court that Olsen's equal protection claim is barred by collateral estoppel.

IV.

The judgment of the district court is affirmed.

_____