# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| | * | |
| Payton R. Parks, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: November 25, 2009

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On March 13, 2007, Deputy Josh Scott of the Johnson County, Missouri Sheriff's Department stopped Payton Parks for driving without a functioning rear license plate light. Deputy Scott asked Parks to get out of his car, which Parks describes as "an older white Chevrolet," and to sit in the patrol car while Deputy Scott called his license in to the police dispatcher. Parks's passenger, Damon Buford, stayed in the Chevy.

While waiting for the dispatcher to respond, Parks consented to a search of his car. Deputy Scott found a loaded pistol under the driver's seat and a clear plastic bag containing marijuana in or near the driver's side door. Deputy Scott eventually learned that Parks was a felon and arrested Parks for possession of marijuana and unlawful possession of a weapon. Deputy Scott warned Parks about driving without a functioning rear license plate light but did not issue a citation.

Deputy Scott transported Parks to the sheriff's department headquarters in Warrensburg, Missouri, where he conducted a custodial interrogation. Parks waived his *Miranda* rights and stated that he bought the pistol "from a guy on the street." Parks then admitted that he was a felon and acknowledged that he was not permitted to possess firearms.

A federal grand jury charged Parks with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Parks moved to suppress the pistol, arguing that Deputy Scott lacked probable cause to stop his car; that even if the initial stop was lawful, it was unjustifiably prolonged; and that he did not voluntarily consent to the search of his car. Parks also moved to suppress his statements to Deputy Scott, arguing that those statements were "fruit of the poisonous tree." The district court[1] denied Parks's motion to suppress.

Parks entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress. The district court sentenced Parks to 46 months' imprisonment, the bottom of the advisory sentencing guidelines range.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Summage*, 575 F.3d 864, 871 (8th Cir. 2009). On appeal, Parks challenges the legality of the initial traffic stop. It is beyond dispute that "any traffic violation, no matter how minor, provides a police officer with probable cause to stop the driver of the vehicle." *United States v. Alcantar*, 271 F.3d 731, 736 (8th Cir. 2001) (quoting *United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1995)); *see also Sherbrooke v. City of Pelican Rapids*, 513 F.3d 809, 813 (8th Cir. 2008) ("[P]robable cause that a driver has committed any traffic violation, no matter how minor, provides sufficient justification under the Fourth Amendment to stop a vehicle."). In this context, "[w]hether a traffic stop is appropriate is not affected by an officer's subjective motivations." *United States v. Long*, 532 F.3d 791, 795 (8th Cir. 2008) (citing *United States v. Chatman*, 119 F.3d 1335, 1340 (8th Cir. 1997)); *see also Sherbrooke*, 513 F.3d at 813-14 ("Even if the officer was influenced by an impermissible motive, a traffic stop does not violate the driver's rights under the Fourth Amendment to be free from unreasonable seizures, as long as the circumstances, viewed objectively, justified the seizure." (emphasis omitted)).

Under Missouri's vehicle and traffic law, the rear license plate on a car must be illuminated with a white light that makes the plate legible from at least fifty feet. Mo. Rev. Stat. § 307.075.1. Specifically, section 307.075.1 provides that

> [e]very motor vehicle . . . shall be equipped with at least two rear lamps, . . . which when lighted will exhibit a red light plainly visible from a distance of five hundred feet to the rear. Either such rear lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration marker and render it clearly legible from a distance of fifty feet to the rear.

Section 307.075.4 provides that "[a]ny person who knowingly operates a motor vehicle without the lamps required in . . . [section 307.075.1] in operable condition is guilty of an infraction."

Parks argues that Deputy Scott did not have probable cause to stop his car because Deputy Scott "could not testify with certainty [about] the distance at which he could read the license plate." Appellant's Br. at 9. The crux of this argument seems to be that if Parks's license plate was legible from at least fifty feet without illumination from a functioning rear license plate light, then a light was not required. The district court correctly determined that this interpretation of section 307.075 is untenable.

Section 307.075 plainly requires cars to be equipped with a rear license plate light in operable condition. Because Parks's car was not equipped with a functioning rear license plate light, Deputy Scott had probable cause to believe that Parks had violated section 307.075. Whether the Chevy's license plate was legible from at least fifty feet away without illumination from a functioning rear license plate light (due, for instance, to the illumination provided by the patrol car's headlights) is beside the point. Accordingly, we hold that Deputy Scott's observation of Parks's violation of section 307.075 provided sufficient justification under the Fourth Amendment to stop his car. *See Alcantar*, 271 F.3d at 736; *see also Sherbrooke*, 513 F.3d at 813.

Parks also contends that "the stop was motivated by factors other than the license plate light issue." Appellant's Br. at 11. This contention is transparently without merit; because the circumstances, viewed objectively, justified the stop, Deputy Scott's subjective motivation is irrelevant. *See Long*, 532 F.3d at 795; *see also Sherbrooke*, 513 F.3d at 813-14.

Finally, Parks asserts that the statements he made during the interrogation at department headquarters "must be suppressed under the exclusionary rule as fruits of the unreasonable stop and search of [his] vehicle." Appellant's Br. at 12. Since Parks

has not shown that the stop or the search violated the Fourth Amendment, we reject this assertion without further comment.[2]

For the foregoing reasons, we affirm the district court's denial of Parks's motion to suppress.

_____

---

[2]Parks does not argue on appeal that the stop was unjustifiably prolonged or that he did not voluntarily consent to the search of his car, so we need not consider those issues. *See, e.g.*, *Berryhill v. Schriro*, 137 F.3d 1073, 1075 n.2 (8th Cir. 1998). Parks does, however, suggest that his consent to the search of his vehicle did not "purge the taint of the illegal stop." Appellant's Br. at 11. Because we hold that the stop was not illegal, we need not decide whether Parks's consent would have purged the taint of a potential Fourth Amendment violation.