# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2062

_____

Malik Al Mustafa El-Alamin, also     *
known as Eric Britten,     *
    *
    Appellant,     *
    * Appeal from the United States
    v.     * District Court for the
    * District of Minnesota.
Kurt Radke; Jeffrey Miller; Elizabeth     *
Dea; Erick Fleck; Minneapolis     * [UNPUBLISHED]
Police Department,     *
    *
    Appellees.     *

_____

Submitted: March 1, 2010
Filed: March 31, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Malik Al Mustafa El-Alamin appeals the district court's[1] adverse grant of summary judgment in his action claiming violations of his constitutional rights and his rights under several federal and state statutes. He argues that the district court erred by determining his objections to the magistrate judge's report were untimely,

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

and by not adequately considering his opposition to defendants' summary judgment motions.

We do not decide whether the objections were timely filed because, even considering the objections, we conclude that the grant of summary judgment was proper. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (this court reviews de novo grant of summary judgment); Berryhill v. Schriro, 137 F.3d 1073, 1077 (8th Cir. 1998) (this court can affirm district court's summary judgment decision on any basis supported by record). As to the claims made only against Kurt Radke, we conclude based on orders in El-Alamin's prior criminal case that he was collaterally estopped from bringing a claim that Radke made false statements in the affidavit for a search warrant for El-Alamin's residence. See Olsen v. Mukasey, 541 F.3d 827, 830-31 (8th Cir. 2008) (describing circumstances where collateral estoppel applies), cert. denied, 129 S. Ct. 2178 (2009); Munz v. Parr, 972 F.2d 971, 973 (8th Cir. 1992) (collateral estoppel applies to 42 U.S.C. § 1983 actions alleging Fourth Amendment violations). Further, El-Alamin did not present evidence that Radke searched any of his vehicles, see Fed. R. Civ. P. 56(e)(2) (when motion for summary judgment is properly made and supported, opposing party may not rely merely on allegations or denials in its own pleadings, but must set out specific facts showing genuine issue for trial); and we conclude that El-Alamin did not show that Radke violated his equal protection rights, or his rights under 42 U.S.C. §§ 1981 or 1985, see Creason v. City of Washington, 435 F.3d 820, 823 (8th Cir. 2006) (requirements to state equal protection claim); Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (requirements to establish prima facie § 1981 claim); Jensen v. Henderson, 315 F.3d 854, 862-63 (8th Cir. 2002) (requirements to establish § 1985 claim). The various federal and state criminal statutes cited by El-Alamin do not provide a private right of action.

As to the claims against the individual defendants for loss of personal property, we conclude that adequate post-deprivation remedies were available to El-Alamin. See Minn. Stat. § 466.02; Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Finally, we conclude that the Minneapolis Police Department (MPD) is not a suable entity, see Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992), and that even liberally construing the claim against MPD as one against the City of Minneapolis, El-Alamin did not show he suffered an injury caused by an unconstitutional policy or custom, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978) (plaintiff seeking to impose § 1983 liability on local government body must show official policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights).

Accordingly, we affirm, and we deny appellees' motion to strike El-Alamin's reply brief.

_____