# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3007

———————

Leroy Hayes, Jr.,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Minnesota.
Questar Capital Corporation,      *
     *    [UNPUBLISHED]
         Appellee.      *

———————

Submitted: February 15, 2012
Filed: February 24, 2012

———————

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

———————

PER CURIAM.

Leroy Hayes, Jr. appeals the district court's[1] adverse grant of summary judgment on his 42 U.S.C. § 1981 race-discrimination claim against Questar Capital Corporation (Questar). Also pending is his motion to "throw out" the district court's summary judgment order. Upon careful de novo review, we conclude that summary judgment was properly granted. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (standard of review).

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

First, to the extent Hayes's claim was based on allegations of disparate treatment, we agree with the district court that Questar proffered legitimate reasons for its actions, and Hayes failed to create an inference of pretext. See Anderson v. Durham D&M, L.L.C., 606 F.3d 513, 520-21 (8th Cir. 2010) (in analyzing employment-discrimination claim under § 1981, in absence of direct evidence of discrimination, court applies burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); once plaintiff establishes prima facie case and employer puts forth legitimate, nondiscriminatory reason for allegedly discriminatory action, plaintiff must be able to show legitimate reason was pretext for discrimination); Putman v. Unity Health Sys., 348 F.3d 732, 736 (8th Cir. 2003) (insubordination and violation of company policy are legitimate reasons for termination). Second, to the extent Hayes's claim was based on allegations of retaliation, we agree with the district court that Hayes could not show he had engaged in protected activity. See Takele v. Mayo Clinic, 576 F.3d 834, 838-39 (8th Cir. 2009) (court applies same analysis to claims of retaliation under Title VII and § 1981; to establish prima facie case, plaintiff must show, inter alia, he engaged in protected activity). Finally, to the extent Hayes's claim was based on allegations of a racially hostile work environment, we conclude that there was no genuine controversy as to whether Hayes was subjected to severe or pervasive discriminatory treatment. See Anderson, 606 F.3d at 518 (court applies same standard to evaluate hostile-work-environment claim under § 1981 as under Title VII; to be hostile work environment, workplace must be permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive); see also Berryhill v. Schriro, 137 F.3d 1073, 1077 (8th Cir. 1998) (court can affirm summary judgment decision on any basis supported by record).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B. We also deny Hayes's pending motion.

_____