# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3018

_____

James Kelley,                              *
                                           *
          Appellant,                       *
                                           *
     v.                                    *  Appeal from the United States
                                           *  District Court for the Eastern
Jim White, Individually and In His         *  District of Arkansas.
Official Capacity as Chief of Police of    *
the City of McGehee, Arkansas,             *  [UNPUBLISHED]
                                           *
          Appellee.                        *

_____

Submitted: February 29, 2012
Filed: March 5, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Kelley appeals the district court's[1] adverse grant of summary judgment in his civil rights action arising out of his termination from employment. After carefully reviewing the record de novo, see Berryhill v. Schriro, 137 F.3d 1073, 1075, 1077 (8th Cir. 1998), we have found no basis for reversal.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

First, to the extent Kelley's complaint may be construed as asserting a retaliation claim under 42 U.S.C. § 1981, we conclude that Kelley failed to provide sufficient evidence to establish a genuine issue of material fact. See Takele v. Mayo Clinic, 576 F.3d 834, 836, 839 (8th Cir. 2009) (setting forth prima facie elements of retaliation claim); Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand motion for summary judgment); cf. Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc) (anti-discrimination statutes do not insulate employee from discipline for violating employer's rules or disrupting workplace; generally, more than temporal connection between protected conduct and adverse employment action is required to present genuine factual issue on retaliation).

Second, as to Kelley's equal protection claim asserted under 42 U.S.C. § 1983, we agree with the district court that he failed to provide sufficient evidence to establish a genuine issue of material fact as to whether he was treated differently than other persons who were similarly situated in all relevant respects. See Flowers v. City of Minneapolis, 558 F.3d 794, 798 (8th Cir. 2009) (to establish violation of Equal Protection Clause, plaintiff had to show he was treated differently than other persons who were similarly situated in all relevant respects).

Accordingly, we affirm.

_____