# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2640

_____

Wilbert Glover,

*Plaintiff - Appellee*,

v.

R. Paul, #705,

*Defendant - Appellant*,

------------------------------

Former State Prison Officials,

*Amicus on Behalf of Appellee(s)*.

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 10, 2023
Filed: August 24, 2023

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Wilbert Glover sued corrections officer Richard Paul under 42 U.S.C. § 1983, alleging a violation of his constitutional rights while Glover was a detainee at a jail in Minnesota. Paul moved for summary judgment based on qualified immunity. The district court[*] denied the motion, and we affirm the order.

I.

Glover was a detainee at the Ramsey County Adult Detention Center in St. Paul. He alleges in a verified complaint that on December 30, 2015, he was sexually harassed and abused by corrections officer Paul during a strip search. According to Glover, Paul "made me take off my jumpsuit strip search me took his hand and grasp my penis squeeze it hard and gestures." Glover alleged that he sought medical treatment after the incident, and that he filed grievances complaining that Paul made sexual gestures and grasped Glover's penis.

Glover filed a *pro se* action under 42 U.S.C. § 1983, alleging that Paul violated his constitutional rights during the strip search. In response, Paul filed a declaration in which he averred that he "never touched [Glover's] genitals or otherwise touched him inappropriately." Paul moved for summary judgment. He argued that Glover failed to produce admissible evidence supporting his claim, and that even if he touched Glover as alleged in the complaint, he was entitled to qualified immunity.

The district court denied the motion for summary judgment. The court explained that Glover's verified complaint should be treated as an affidavit for the purpose of summary judgment. *See Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir.

---

[*]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

1992). The court then concluded that Paul's alleged actions violated Glover's clearly established constitutional right to be free from excessive force in the form of sexual assault or abuse.

## II.

On appeal, Paul maintains that he is entitled to qualified immunity. Qualified immunity protects governmental officials from suit under 42 U.S.C. § 1983 unless a plaintiff shows that the official's alleged conduct violated a clearly established right of the plaintiff. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A constitutional right is clearly established if "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A plaintiff need not identify "a case directly on point," but controlling authority or a robust consensus of persuasive authority must put the constitutional question "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742). We review the district court's ruling *de novo*, viewing the record in the light most favorable to Glover.

Because Glover was a detainee at the time of the incident, his relevant constitutional rights arise under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). A detainee alleging an excessive use of force must show that the force used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). To analyze that issue, we may consider whether the actions of a governmental officer are "rationally related to a legitimate nonpunitive governmental purpose," and whether the actions "appear excessive in relation to that purpose." *Id.* at 398 (quoting *Bell*, 441 U.S. at 561). This determination is analogous to whether the use of force is

objectively unreasonable under the Fourth Amendment. *See Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 n.2 (2021) (per curiam).

The due process rights of a detainee are "at least as great" as the protections available to convicted prisoners under the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). A convicted prisoner alleging an excessive use of force in violation of the Eighth Amendment must show that the conduct by a government official was "objectively harmful enough to establish a constitutional violation," and that the official acted "with a sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotations omitted). These elements have been described as the "objective" and "subjective" components of an Eighth Amendment claim. *Id.*

Before *Kingsley*, this court stated that if the use of force against a pretrial detainee would have violated the Eighth Amendment had the detainee been a convicted prisoner, then "that conduct necessarily violated the plaintiff['s] rights under the Fourteenth Amendment." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). *Kingsley* held that the standard governing a pretrial detainee's claim is "objective not subjective," and that a detainee therefore must show only that the force used against him was objectively unreasonable. 576 U.S. at 395. Because *Kingsley* "only deleted the subjective prong of the Fourteenth Amendment analysis," *Ullery v. Bradley*, 949 F.3d 1282, 1296 n.5 (10th Cir. 2020), earlier authorities concluding that a particular use of force violated the Eighth Amendment (and was therefore objectively unreasonable) were sufficient to put an official on notice that the same use of force against a detainee would violate the Fourteenth Amendment.

Paul argues that he did not violate Glover's clearly established right under the Fourteenth Amendment. He maintains that no constitutional violation occurred because "manual contact with a detainee's genitals may be necessary as part of a

search." And he says that there is no evidence that the strip search or his actions during the search were performed for an improper purpose.

In determining whether Paul is entitled to qualified immunity, we must accept facts that the district court assumed were supported by sufficient evidence. *Thompson v. Murray*, 800 F.3d 979, 983 (8th Cir. 2015). In the order denying qualified immunity, the district court stated that squeezing a detainee's penis hard is not a "proper part of a search," and that the "action does not seem inadvertent nor does Paul assert it was." The court explained that a "jury could find that squeezing a prisoner's penis hard during a strip search is not penologically necessary." We infer from these statements that the court assumed that a jury could find that Paul intentionally squeezed Glover's penis hard in a manner that was not related to a legitimate penological purpose.

As a general proposition, it is clearly established that "the sexual assault of an inmate by a guard violates the inmate's constitutional rights." *Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007). This court has stated that "sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and . . . can, in certain circumstances, constitute [an] 'unnecessary and wanton infliction of pain'" in violation of the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). We have concluded that a "nonroutine" patdown search accompanied by verbal sexual harassment of an inmate is harmful enough to violate the Eighth Amendment. *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998).

We also have held that "sexual fondling and touching" of an unclothed "private erogenous area" can be sexual assault in violation of the substantive due process right to bodily integrity. *Haberthur v. City of Raymore*, 119 F.3d 720, 723-24 (8th Cir. 1997). That right is violated when a government official's conduct is so egregious "that it may fairly be said to shock the contemporary conscience." *County of*

*Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). A use of force that is so egregious as to shock the conscience also contravenes the less demanding standard of objective unreasonableness. *McDonald by McDonald v. Haskins*, 966 F.2d 292, 294 (7th Cir. 1992); *cf. Whitley v. Albers*, 475 U.S. at 327.

Glover asserts that Paul subjected him to a strip search and, without legitimate penological justification, grasped his naked penis, squeezed it hard, and gestured. Viewing the facts in the light most favorable to Glover, a jury could find that the alleged conduct constituted sexual abuse or assault. We accept that some contact with a detainee's genitals may be necessary and proper during a legitimate strip search, but Paul's alleged conduct was intentional and gratuitous, and thus exceeded the legitimate purpose of a search. *See Berry*, 143 F.3d at 1133; *see also Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995); *Watson*, 980 F.2d at 1165-66. A reasonable official would have understood that the conduct alleged in Glover's verified complaint constituted an unreasonable use of force that violated a detainee's right under the Fourteenth Amendment.

Persuasive authorities from other circuits bolster our conclusion. In August 2015, the Second Circuit concluded that "a single act of sexual abuse may violate the Eighth Amendment if . . . it is entirely gratuitous and devoid of penological purpose." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). The court ruled that prisoners stated a claim under the Eighth Amendment, including its objective component, by alleging that a corrections officer intentionally fondled and squeezed the clothed genitalia of two inmates during searches. *Id.* at 258-59. *Crawford* predated the incident in this case, and superseded that court's earlier decision in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), on which Paul relies. *See* 796 F.3d at 260.

In 2012, the Seventh Circuit recognized that "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force

exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *see also Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003). In *Washington*, the court concluded that the alleged gratuitous fondling of a pretrial detainee's clothed and unclothed genitalia by a corrections officer violated a constitutional right where it was undertaken "without any justification," and was not "a proper incident of a pat down or search." *Id.* at 642-44.

Likewise, in 2012, the Ninth Circuit concluded that a prisoner's allegation that a guard stroked the prisoner's unclothed genitalia without penological justification was sufficient to establish a violation of the Eighth Amendment. *Wood v. Beauclair*, 692 F.3d 1041, 1049-51 (9th Cir. 2012). The Ninth Circuit cited this court's decisions in *Berry* and *Watson* in holding that the objective prong of the Eighth Amendment "forbids conduct that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Id.* at 1050 (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-83 (1976) (plurality opinion)).

In light of these persuasive authorities, and the relevant decisions from this court, we conclude that no reasonable corrections officer could have believed that the actions alleged by Glover are consistent with the Due Process Clause and the prohibition on unreasonable uses of force.

Paul contends that this case is like *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998), which held that prison employees did not violate the Eighth Amendment when they briefly touched a prisoner's clothed buttocks twice in what the employees characterized as horseplay. *Id.* at 1076-77. This court stated that "sexual or other assaults are not a legitimate part of a prisoner's punishment," but recognized that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 1076 (quoting *Hudson*, 503 U.S. at 9 (alteration omitted)). To prove a violation, the court said, a plaintiff must show that the objectionable conditions were "objectively sufficiently serious or caused an objectively serious injury."

This court found no constitutional violation in *Berryhill* where the brief touching over clothing "was not accompanied by any sexual comments or banter," the prisoner did not fear sexual abuse during the incident, and the prisoner never sought treatment for any physical or psychological injuries. *Id.* Even assuming that the "objectively sufficiently serious" standard applied in *Berryhill* was the equivalent of the objective reasonableness standard of *Kingsley* that governs a due process claim, the decision in *Berryhill* does not undermine Glover's claim. Here, Paul allegedly grasped and tightly squeezed Glover's unclothed genitalia intentionally, and gestured; Glover complained of sexual abuse and sought medical treatment after the incident. We are not persuaded that *Berryhill* supports a reasonable belief that Paul's alleged actions were lawful.

Paul also cites district court decisions applying *Berryhill*. But in those cases, the inmate or detainee was touched in pat-down searches or otherwise over clothing. And the decisions involve either contact that was related to a legitimate penological purpose or that was clearly insufficient to constitute sexual assault or abuse as in *Berryhill*. *See, e.g.*, *Dewalt v. Brauner*, No. 19-cv-46, 2020 WL 1888796, at *4 (E.D. Mo. Apr. 16, 2020) (grabbing of prisoner's genitals while officers removed him from his cell was not "sexual in nature"); *Ferguson v. Cobb*, No. 16-cv-5168, 2017 WL 3262262, at *5 (W.D. Ark. July 6, 2017) (brief groping of genital area during "routine pat-down search" that was not conducted "in an abusive fashion or with unnecessary force"), *report and recommendation adopted*, 2017 WL 3259446, at *1 (W.D. Ark. July 31, 2017); *Alexander v. Steele Cnty. Jail*, No. 13-cv-796, 2014 WL 4384452, at *14 (D. Minn. Sept. 4, 2014) (grabbing of genitals during routine pat-down search that was "consistent with jail procedure").

Paul points to other authorities holding that the touching of unclothed genitalia by a corrections officer during a search is not a constitutional violation. The decisions on which he relies, however, involve a corrections officer acting with legitimate penological reason, *e.g.*, *Solomon v. Mich. Dep't of Corr.,* 478 F. App'x

-8-

318, 320-21 (6th Cir. 2012) (per curiam) (relying on the now-superseded decision in *Boddie*), or insufficient evidence to meet a subjective element under the Eighth Amendment that is not applicable here. *E.g.*, *Armstrong v. Diraimo*, 781 F. App'x 61, 63-64 (3d Cir. 2019) (per curiam).

Paul claims entitlement to qualified immunity because Glover has not identified a case in which a corrections officer acting under sufficiently similar circumstances violated the constitutional rights of a detainee. There is no requirement, however, that Glover marshal a case in which "the very action in question has previously been held unlawful," so long as the unlawfulness of the action is apparent in light of preexisting law. *Anderson*, 483 U.S. at 640. "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *see Rokusek v. Jansen*, 899 F.3d 544, 548 (8th Cir. 2018). As discussed, the situation alleged here is not entirely novel, and the state of the law before December 30, 2015, in any event gave Paul fair warning that his alleged conduct was unconstitutional.

This appeal arises after the denial of a motion for summary judgment, so we assume the facts as alleged by Glover. Paul denies the allegations. We make no determination about whether Paul committed the acts alleged in the complaint. We conclude only that if the allegations are true, then they would constitute a violation of a clearly established right of the detainee.

*       *       *

For these reasons, the order of the district court is affirmed.

_____