# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1674

_____

Kelly La Gale McSean

*Plaintiff - Appellant*

v.

Chris Chamberlain, Head of Security; Jeff Cunningham, Sally Port Supervisor;
Misty Kindle, Physician; Denise Hacker, COO; William Anderson, Unit Manager;
Adam Cooper, Security; Jeremy Crice, Security Aide

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 1, 2024
Filed: August 14, 2024
[Unpublished]

_____

Before SMITH, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kelly McSean, a transgendered civilly committed sex offender in Missouri who
is currently detained on pending state criminal charges, appeals following the
preservice dismissal of her 42 U.S.C. § 1983 action. McSean claimed that a strip

search performed at the Southeast Missouri Mental Health Center on December 30, 2021--during her civil commitment and prior to the pretrial detention--violated her constitutional rights. The district court found that McSean failed to state a Fourth Amendment claim because the search was reasonable, and alternatively that defendants were entitled to qualified immunity; that the remaining claims were frivolous; and that, in any event, all of the claims were subject to dismissal for failure to show a physical injury under 42 U.S.C. § 1997e(e). We affirm in part and reverse in part.

We conclude that McSean's allegations, liberally construed, are sufficient to survive preservice dismissal of her Fourth Amendment claim against all defendants in their individual capacities, except Chief Operational Officer Denise Hacker. See Rinehart v. Weitzell, 964 F.3d 684, 687-88 (8th Cir. 2020) (standard of review). Specifically, while some form of a strip search may have been justified--given that McSean refused a pat-down search--McSean adequately alleged that the circumstances of the search were unreasonable. See Serna v. Goodno, 567 F.3d 944, 949, 952-53 (8th Cir. 2009) (to determine whether search of civilly committed person is reasonable, court balances justification for search against scope of intrusion, manner in which it is conducted, and place in which it is conducted, citing Bell v. Wolfish, 441 U.S. 520, 559 (1979)). Although the search took place in McSean's room, she alleged that her clothes were forcefully removed while she was restrained, that multiple individuals were in the room who were not conducting the unshielded search, and that one defendant made fun of her transgendered status during the search while others in the room laughed. See Richmond v. City of Brooklyn Ctr., 490 F.3d 1002, 1008-09 (8th Cir. 2007) (strip searches should be performed without any degrading, humiliating, insulting or abusive acts, comments, or jokes); Jones v. Edwards, 770 F.2d 739, 742 (8th Cir. 1985) (officials should take precautions to ensure detainee's privacy is protected from exposure to others unconnected to search); cf. Beard v. Falkenrath, 97 F.4th 1109, 1115 (8th Cir. 2024) (transgendered prisoner's complaint plausibly alleged Fourth Amendment violation when strip search

-2-

involved use of multiple guards, placement of knee in prisoner's back, and forceful removal of her clothes). McSean did not sufficiently allege, however, that Hacker was personally involved in the incident or failed to supervise. See Beard, 97 F.4th at 1122 (affirming dismissal of unreasonable search claim against defendants who were not personally involved in search and did not fail to supervise).

Further, defendants were not entitled to qualified immunity on the face of the complaint, as McSean adequately alleged that the search was degrading and humiliating. See Story v. Foote, 782 F.3d 968, 969-70 (8th Cir. 2015) (complaint may be sua sponte dismissed on preservice screening based on qualified-immunity defense if it is established on face of complaint); cf. Beard, 97 F.4th at 1115-16 (affirming denial of qualified immunity on unreasonable-search claim because it was clearly established that a degrading, humiliating, or abusive strip search of an arrestee violated the Fourth Amendment).

We need not decide whether section 1997e(e) applies to McSean's claims alleging injury suffered prior to the criminal charges, as we conclude that, giving liberal construction to her allegations, she has satisfied section 1997e(e) for purposes of initial review. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)").

We conclude, however, that the remaining claims were properly dismissed: McSean did not adequately allege an equal protection claim, as she did not allege she was treated differently than non-transgendered offenders, see Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995); she did not state a claim for procedural due process violations based on prison policy, see Beard, 97 F.4th at 1116; she did not state substantive due process or excessive force claims, cf. Glover v. Paul, 78 F.4th 1019, 1021-24 (8th Cir. 2023); and she did not state a claim for deliberate indifference to

her serious medical needs, <u>see</u> <u>Karsjens v. Lourey</u>, 988 F.3d 1047, 1051-52 (8th Cir. 2021). McSean's official-capacity claims were also properly dismissed. <u>See</u> <u>Monroe v. Ark. State Univ.</u>, 495 F.3d 591, 594 (8th Cir. 2007).

Accordingly, we affirm the dismissal of the action against defendant Hacker, but we reverse the dismissal of the Fourth Amendment claim as to the remaining defendants in their individual capacities and remand for further proceedings. On remand, the district court should also consider whether the complaint sufficiently alleges state law claims for battery, assault, and sexual assault, and whether the exercise of supplemental jurisdiction over these claims is warranted. We affirm the dismissal of the remaining claims.

_____